E. R. FRAZIER AUTOMATIC SPRINKLER CO. *v.* MERCHANTS' WHOLESALE GROCERY CO. *et al.**

(Division B.   Oct. 8, 1928.)

[118 So. 416.   No. 27301.]

572

*Corpus Juris-Cyc References: Building and Construction Contracts, 9CJ, section 34, p. 706, n. 85.

*Robertson & Campbell,* for appellant.

*Ray & Spivey,* for appellee.

*Robertson & Campbell,* in reply for appellant.

574

Argued orally by *Chas. S. Campbell,* for appellant.

ANDERSON, J. Appellant brought this action in the court of a justice of the peace of Madison county against appellees. Merchants' Wholesale Grocery Company and Madison County Farm Bureau, two corporations under the laws of this state doing business at Canton, Madison county, to establish and enforce a mechanic's and materialman's lien upon the land and buildings of appellees for the payment of a balance of one hundred seventy-two dollars and nineteen cents, alleged to be due appellant by appellees under a contract between them, by the terms of which the former undertook to install, and had installed a sprinkler system in the buildings of the latter. There was a trial, resulting in a judgment in appellant's favor, from which judgment appellee appealed to the circuit court of Madison county, where there was a trial *de novo.* On the trial in the circuit court a directed verdict was granted in appellees' favor, resulting in a judgment accordingly. From that judgment appellant prosecutes this appeal.

The basis of appellant's suit was the following contract in the form of a letter from appellees to appellant:

"This is to confirm our purchase from you of the materials necessary to construct and install one of your sprinkler systems in the Merchants' Wholesale Grocery Company building and the Farm Bureau building in Canton, Miss., for which we agree to pay the sum of one thousand seven hundred fifty-six dollars less two per cent. for cash.

"We also agree to pay ten per cent. commission of material, and eight dollars per day for one foreman and four dollars per day for two competent helpers to install same, which work must, however, be completed within a reasonable time, and in a satisfactory manner, and such a manner that the same will be first approved by insurance inspector so we can get the reduction in insurance rates as assured by you, final settlement not to be made until this is done, and accepted as above.

"We think this covers our agreement though should anything be left out we can arrange it when we see you again."

Appellant made the contract an exhibit to its petition. The case turns on whether, under the contract between appellant and appellees for the installation of the sprinkler system, appellant was to furnish the necessary materials for that purpose, or whether appellees were to furnish them.

Appellant offered to prove by parol testimony that the materials were to be furnished by appellees, and not by appellant. This testimony was ruled out. The court held that the proposed evidence was not admissible, because the effect of it would be to vary the terms of the written contract between the parties, which was the foundation of appellant's suit. We think the court committed no error in so holding. The written contract plainly provides for the purchase of the necessary materials for the sprinkler system by appellees from appel-

lant. Appellant lays stress on the last paragraph of the contract in this language, "We think this covers our agreement though should anything be left out we can arrange it when we see you again." Appellant's contention is that that provision in the contract left open the question as to who should furnish the materials; and under it, as stated, offered to prove that there was a parol agreement, by which appellees were to furnish the materials for the sprinkler system, and not appellant. We do not so understand the contract. As stated, the contract provides expressly that the materials should be furnished by appellant. That fact was not "left out" of the contract. The last paragraph of the contract quoted was only intended to cover such matters and things as were not provided for in the contract. We do not think a contrary construction of the contract would be reasonable. The contract was embodied in a letter from appellees to appellant, the terms of which were accepted by the latter. Appellees said in their letter that certain things, setting them out, were agreed upon; and concluded in a paragraph by saying if there were other matters left out of the letter, they could be agreed upon later.

We think the trial court was clearly right in directing a verdict for appellees.

*Affirmed.*