627 So.2d 261 (1993)
MISSISSIPPI STATE HIGHWAY COMMISSION
v.
PATTERSON ENTERPRISES LTD., Michael R. Smith and Amco Construction Company, Inc.[1]
No. 89-CA-408.
Supreme Court of Mississippi.
March 11, 1993.
Rehearing Denied December 16, 1993.
Michael C. Moore, Atty. Gen., Alan M. Purdie, Asst. Atty. Gen., James W. Nobles, Jr., Jackson, for appellant.
Pat H. Scanlon, and E. Stephen Williams, Young Scanlon & Sessums, Jackson, for appellee.
Luther S. Ott, Ott Purdy & Scott, Jackson, for amicus curiae.
EN BANC.
BANKS, Justice, for the Court:

I
This is an appeal from the Hinds County Circuit Court of a $1,177,392.00 jury award against appellant, the Mississippi State Highway Commission, for breach of contract. The case presents the question of whether the terms of a prime contract between the highway commission and a contractor were incorporated into the terms of a subsequent contract between the contractor and Patterson, a subcontractor. Finding the terms were incorporated in the subcontract, we reverse and render.

II
On December 9, 1977, the Mississippi State Highway Commission awarded a contract to Mallette Brothers Construction Company, Inc., of Gautier, Mississippi. The contract required Mallette Brothers to complete construction on Highway 63 between the City of Pascagoula and the Town of Wade, Jackson County, Mississippi. Mallette, with permission from the state highway commission, delegated *262 some of its contractual duties to Patterson Enterprises, Ltd., of Jackson, Mississippi, which, in turn, entered a joint venture with Michael R. Smith and Amco Construction Company, Inc. On January 25, 1978, Mallette subcontracted with Patterson to perform certain engineering work on the highway project. Difficulties arose during the completion of the project which Patterson claimed increased its costs. In particular, Patterson alleged original plans submitted by the state highway commission were inadequate, causing Patterson to devote more resources to the project than it had anticipated in agreeing to act as a subcontractor.
On September 22, 1981, Patterson sent a letter to Mallette demanding that Mallette refuse final payment from the state highway commission until Patterson had an opportunity to calculate cost overruns and submit a claim for compensation to the commission. The letter indicated Patterson would forward its claim to Mallette which, as prime contractor, would then have the obligation to send the complaint to the commission.
On September 26, 1981, Patterson mailed its claim to Mallette. The claim was subsequently forwarded to the commission.
On January 27, 1982, the commission notified Mallette that the highway project had been satisfactorily completed and that Mallette was formally released from any further contractual duties pertaining to the highway project.
On February 12, 1982, the commission notified Mallette that Patterson's claim had been denied as "without merit." Eleven days later, the commission issued final payment to Mallette.
On March 24, 1982, Mallette executed a check for $23,824.19 the amount allowed by the Commission, to Patterson. This check was negotiated by Patterson. Patterson's contract with Mallette called for compensation in the amount of $1,456,799.70. The final estimate accompanying the $23,824.19 last payment to Patterson reflected total payments in the amount of $1,808,163.01.
Over the next year, Patterson continued to seek an arbitration of its claim against the commission. The commission, however, refused to enter into arbitration with Patterson, asserting the final payment it made to Mallette operated as a release of claims or liability under the December 9, 1977, contract with Mallette.
On April 18, 1984, Patterson filed suit against the commission and Mallette in Hinds County Circuit Court. The complaint alleged the commission negligently completed the plans and specifications on which Patterson had relied. Patterson also claimed the commission failed to cooperate with Patterson and Mallette in completing the project, and thus, breached its contract with both parties. Finally, on the contingency that the trial court determined Mallette's acceptance of final payment from the commission constituted a bar to Patterson's claim against the commission, Patterson sought a claim of negligence and breach of contract against Mallette. This claim against Mallette, however, was dismissed before trial.
From March 9 through March 13, 1987, a trial was held in the Hinds County Circuit Court. The jury returned a verdict for Patterson awarding $58,896 in damages. This verdict was set aside by the court on Patterson's motion and a new trial was ordered.
In September of the same year, a jury returned a verdict for Patterson, awarding $1,177,392 in damages, the amount claimed by Patterson to be the difference between its original estimate and its actual costs, less additional payments made in accordance with supplemental agreements, adjustments and change orders.
Post-trial motions were denied.

III
The question of law before this Court is whether the contract provisions regarding final payment on the prime contract between the commission and Mallette were met. If so, Patterson would not be entitled to a recovery.
The subcontract between Mallette and Patterson bound Patterson to the terms of the prime contract Mallette held with the commission. The prime contract between Mallette and the commission incorporated sections *263 100 through 199 of the Mississippi Standard Specifications for Road and Bridge Construction, 1976 Edition. Section 109.09 of these specifications mandates that acceptance by the contractor of the last payment from the commission operates as a release of all claims. Thus, Mallette's acceptance of final payment on February 23, 1982, necessarily constituted a release of claims against the commission for parties to the contract, as well as, the subcontract.
When construing contracts, this Court favors a determination that the terms of the contract are sufficiently definitive to invite an appraisal of the reasonable intent of the parties. Hicks v. Bridges, 580 So.2d 743, 746 (Miss. 1991); Busching v. Griffin, 542 So.2d 860, 863 (Miss. 1989); Jones v. McGahey, 187 So.2d 579, 584 (Miss. 1966). Indeed, "[w]e are concerned with what the contracting parties have said to each other, not some secret thought of one not communicated to the other." Osbourne v. Bullins, 549 So.2d 1337, 1339 (Miss. 1989). Absent mutual mistake, fraud or illegality, courts do not have the authority to modify the terms of a validly executed contract. First Nat'l Bank of Vicksburg v. Caruthers, 443 So.2d 861, 864 (Miss. 1983); Weatherford v. Martin, 418 So.2d 777, 778 (Miss. 1982).
Questions concerning the construction of contracts are questions of law that are committed to the court rather than questions of fact committed to the fact finder. Leach v. Tingle, 586 So.2d 799, 801 (Miss. 1991). In the instant case, the parties do not deny the existence of the subcontract between Mallette and Patterson, nor do the parties deny the validity of that contract. No party argues the subcontract is a product of mutual mistake, fraud or illegality. At issue are merely the terms of that contract.
As the subcontract contained a clause incorporating the terms of the prime contract, the claim prohibition against the commission in the prime contract merged into the subcontract. Therefore, when Mallette accepted final payment, even though doing so over Patterson's objection, any claim Patterson or Mallette might have had against the commission was extinguished under the terms of the prime contract as well as the doctrine of accord and satisfaction. Lovorn v. Iron Wood Products Corp., 362 So.2d 196, 197 (Miss. 1978).
The appellant and the appellees have briefed the merits of a third-party beneficiary approach which would allow Patterson to maintain an action under the prime contract. This issue is not properly before the Court, as the jury received no third-party beneficiary instruction and, therefore, could not have arrived at its verdict under such a theory.
The appellant and the appellees also discussed the applicability of sovereign immunity to the facts in this case in their briefs. However, Patterson eschewed proceeding against the commission on a tort theory in recognition of sovereign immunity as it existed prior to Presley v. Mississippi State Highway Comm'n, 608 So.2d 1288 (1992). Thus, at this stage, an examination by this Court of the applicability of sovereign immunity as it applies to tort claims against the commission in light of Presley and, perhaps, a re-examination of our decision in Wausau v. Mississippi State Highway Comm'n, 575 So.2d. 999 (Miss. 1990), cert. denied ___ U.S. ___, 112 S.Ct. 72, 116 L.Ed.2d 46 (1991), would be needless and improper.
The trial court should have found, as a matter of law, the provisions of the contracts in question were complied with and granted summary judgment under Miss.R.Civ.P. 56. We reverse and render.
REVERSED AND RENDERED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, J., concur.
McRAE, J., concurs in part and dissents in part with separate written opinion.
PITTMAN, J., not participating.
ROBERTS and SMITH, JJ., not participating according to Supreme Court Internal Rules.
McRAE, Justice, concurring in part and dissenting in part:
I agree with the results reached on the contract, but disagree with the dicta used by *264 the majority concerning the statement in the complaint of the Commission's negligence. I would deny the negligence claim because of the plaintiff's failure to present any theory of negligence at trial.
NOTES
[1] Throughout this opinion "Patterson" refers to appellees.