Laticia A. DAVIS, Plaintiff,

v.

MAGNOLIA LADY, INC., d/b/a Lady Luck Rhythm and Blues Casino-Hotel, Inc., Defendant.

No. CIV.A. 2:96CV189–D–D.

United States District Court, N.D. Mississippi, Delta Division.

Feb. 25, 1998.

Nancy A. Wegener, Clarksdale, MS, for Plaintiff.

Hunter W. Twiford, Clarksdale, MS, for Defendant.

*MEMORANDUM OPINION*

DAVIDSON, District Judge.

By memorandum opinion and order dated December 15, 1997, this court granted the defendant's motion for summary judgment and closed this case. *Davis v. Lady Luck,* Civil Action No. 2:96cv189–D–D (N.D.Miss. Dec. 16, 1997) (Memorandum Opinion and

Order dated December 15, 1997). The clerk of this court, however, did not enter this court's order onto the official court docket pursuant to Fed.R.Civ.P. 79(a) until December 16, 1997. Also on December 16, 1997, the parties entered into a settlement agreement whereby the plaintiff agreed to move to dismiss her claims in this cause in exchange for the receipt of $10,000.00. This court was not aware at any time before the December 16 entry of final judgment by the clerk that the parties contemplated or entered into a settlement agreement. Likewise, there is no indication that the parties were aware of this court's December 15 opinion and order until *after* they had entered into a settlement agreement.

As a consequence of this court's prior opinion and order, the defendant has declined to make payment to the plaintiff pursuant to the terms of the settlement agreement. The plaintiff has filed with this court her motion for relief from judgment and to "approve and enforce" the settlement agreement. The defendant's position is that this court's memorandum opinion and order of December 15 dismissed all of the plaintiff's claims. Therefore, the defendant contends, the settlement agreement of December 16 is voidable pursuant to well established contractual principles, on the basis of a mutual mistake of the parties. *See, e.g., Mississippi State Highway Com'n v. Patterson Enterprises Ltd.,* 627 So.2d 261, 263 (Miss.1993); RESTATEMENT (SECOND) OF CONTRACTS, § 152.

> [G]ood faith is not the test. If the representation was false, and the [other contracting party] was justified in relying upon it, then [that party] agreed to the release under a mistake … and she therefore is not bound thereby.

*Penn Mutual Life Insurance Co. v. Nunnery,* 176 Miss. 197, 210, 167 So. 416, 418 (1936). Here, the asserted mistake of fact was that the plaintiff's claims were pending before this court at the time the settlement was entered into by the parties.

This court does not find the argument persuasive, as it is premised on a single erroneous assumption—that the effective date of this court's December 15, 1997 opinion and order was the day that it was signed.

As expressly dictated by the Federal Rules of Civil Procedure, final judgments issued by this court are not effective until properly entered upon the docket of this court by the clerk. Fed.R.Civ.P. 58 ("A judgment is effective only when … entered as provided by Rule 79(a)."). Therefore, the judgment in this matter dismissing the plaintiff's claims did not become final until December 16, 1997—the same day that the parties consummated the settlement agreement. Defendant's Response to Plaintiff's Motion, p. 3 ("Sometime after 2:00 p.m. [on December 16, 1997], counsel for Lady Luck communicated its acceptance of Plaintiff's counter-offer of settlement to Plaintiff's counsel."). Were this court required to determine which came first on December 16, 1997, this court's task might prove Herculean.

Thankfully, this court need not decide that question, for the undersigned chooses to withdraw this court's opinion and order of December 15 and moot the issue. In that no party has yet filed an appeal of this court's final judgment of December 16, this court retains full jurisdiction over the case at bar. *See, e.g.,Winchester v. U.S. Atty. for Southern Dist. of Texas,* 68 F.3d 947, 948 (5th Cir.1995) (noting appeal generally divests district court of jurisdiction); *Travelers Ins. Co. v. Liljeberg Enters.,* 38 F.3d 1404, 1407 n. 3 (5th Cir.1994) (explaining nature of district court's jurisdiction after appeal filed). This court's continuing jurisdiction over its own orders encompasses the right to withdraw any entered order, and therefore the undersigned may sever this Gordian knot with the sword of equity. In any event, the court notes that the plaintiff is additionally entitled to relief pursuant to Federal Rule of Civil Procedure 60(b) regardless of the particular timing of the settlement and entry of judgment.

If the parties' settlement agreement preceded the entry of judgment by the clerk of this court, then the plaintiff is entitled to relief pursuant to Fed.R.Civ.P. 60(b)(1), which permits this court to grant relief from judgment on the grounds of mistake. It would be this court's mistake of fact, *i.e.,* that the parties had not settled the claims at bar before entry of judgment by the clerk, that

justifies relief in that instance. The undersigned would most certainly prefer to be kept informed regarding the status of any settlement negotiations in order to avoid situations such as the one at bar. Nevertheless, this court cannot have reasonably expected the parties to have known about this court's December 15 opinion and order at the time they finalized settlement negotiations. In order to encourage settlement of pending claims, the parties must be able to rely upon the finality of settlement. Therefore, the court can say with all sincerity that had it been informed of the settlement agreement prior to the entry of final judgment by the clerk, the undersigned would have directed the clerk of this court not to docket this court's December 15 opinion and order.

■ Should the settlement ultimately prove to have occurred after the entry of judgment by the clerk of this court, however, the undersigned believes that relief is warranted through the application of Fed. R.Civ.P. 60(b)(6):

> Rule 60(b)(6) provides that a court may "relieve a party … from a final judgment … for … any other reason justifying relief from the operation of the judgment." Rule 60(b) sets out five specific bases for granting relief from a final judgment, followed by clause (b)(6). We have held that this clause's " 'any other reason' language refers to any other reason than those contained in the five enumerated grounds on which a court may grant a Rule 60(b) motion." *Government Fin. Servs. One Ltd. Partnership v. Peyton Place, Inc.,* 62 F.3d 767, 773 (5th Cir.1995) (citing cases). Although we frequently have recognized that " 'Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses,' " *e.g., id.* (quoting *Harrell v. DCS Equip. Leasing Corp.,* 951 F.2d 1453 (5th Cir.1992)), we have also narrowly circumscribed its availability, holding that Rule 60(b)(6) relief "will be granted only if extraordinary circumstances are present." *Bailey v. Ryan Stevedoring Co.,* 894 F.2d 157, 160 (5th Cir.) (affirming order denying Rule 60(b)(6) motion based on change in federal law) (citing

*Ackermann v. United States,* 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950)), *cert. denied,* 498 U.S. 829, 111 S.Ct. 89, 112 L.Ed.2d 61 (1990); *Government Fin. Servs.,* 62 F.3d at 774; *American Totalisator Co. v. Fair Grounds Corp.,* 3 F.3d 810, 815–16 (5th Cir.1993).

*Batts v. Tow Motor Forklift Co.,* 66 F.3d 743, 746 (5th Cir.1995); *see also Government Financial Services One Ltd. Partnership v. Peyton Place, Inc.,* 62 F.3d 767, 773 (5th Cir.1995); *American Totalisator Co. v. Fair Grounds Corp.,* 3 F.3d 810, 815–16 (5th Cir. 1993).

By all accounts, the settlement agreement reached in this case appears to be a fair one, and entered into in good faith by both parties. The policy of this circuit is to favor and encourage settlement. *See, e.g., Carson v. American Brands, Inc.,* 450 U.S. 79, 88 n. 14, 101 S.Ct. 993, 998 n. 14, 67 L.Ed.2d 59 (1981) (noting Title VII incorporates strong preference for voluntary settlement of employment discrimination claims); *Bertram v. Freeport McMoran, Inc.,* 35 F.3d 1008, 1016 (5th Cir. 1994) (acknowledging public policy in favor of encouraging settlements); *Halkias v. General Dynamics Corp.,* 31 F.3d 224, 228 (5th Cir.1994) ("[F]ederal labor policy has long favored the rapid settlement of disputes between an employer and an employee."). Settlements are often entered into simply to avoid the expense and effort inherent in the progression of litigation, either before a trial court or on appeal. Indeed, the correlation of the amount of a settlement offer to the cost of a successful defense is not an unusual consideration in settlement discussions. That this court might have rendered an opinion in favor of the defendant is no indication that the settlement entered into was not a fair and just one considering the risks involved not only before the undersigned, but in consideration of a potential appeal from this court. In light of the unique character of the situation at bar, and in consideration of the public policy favoring settlement of claims, the undersigned feels that relief from judgment is required to facilitate the ends of justice and equity in this matter. This court is fully cognizant of the rarity of relief pursuant to Rule 60(b)(6), but this court believes that the situation at bar is rare as well.

As this court currently possesses jurisdiction over its own orders, the court chooses to withdraw its prior order and opinion. Additionally, however, the undersigned notes that the plaintiff is entitled to relief from judgment pursuant to the application of Federal Rule of Civil Procedure 60(b). The plaintiff's motion for relief from judgment shall be granted, and this court shall withdraw its previously entered opinion and order rendering final judgment in this cause.

A separate order in accordance with this opinion shall issue this day.

*ORDER GRANTING MOTION FOR RELIEF FROM JUDGMENT, VACATING PRIOR ORDER AND OPINION, AND DISMISSING CAUSE BY REASON OF SETTLEMENT*

Pursuant to a memorandum opinion issued this day, it is hereby ORDERED THAT:

1) the motion of the plaintiff for relief from judgment is hereby GRANTED;

2) this court's memorandum opinion and order dated December 15, 1997, and previously entered onto the official court docket by the clerk of this court on December 16, 1997, are hereby WITHDRAWN; the clerk of the court is directed to remove from the official docket of this court that opinion and order;

3) in light of the settlement agreement entered into by the parties on December 16, 1997, this matter is hereby DISMISSED WITHOUT PREJUDICE. The defendant shall have thirty-five (35) days from the date of this order to comply with the terms of the settlement agreement previously entered into by the parties in this matter. Should the defendant fail to do so, the plaintiff may return to this court for whatever relief is appropriate; and

4) as to the remainder of the relief requested by the plaintiff, her motion is hereby DENIED.