# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-00894-SCT

*G. B. "BOOTS" SMITH CORPORATION*

*v.*

*HENRY R. COBB, JR. AND RICHARD COBB*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/01/2004 |
| TRIAL JUDGE: | HON. WILLIAM G. WILLARD, JR. |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | TOM T. ROSS, JR. |
| ATTORNEY FOR APPELLEES: | C. KENT HANEY |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED AND REMANDED - 05/26/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., EASLEY AND GRAVES, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

### PROCEDURAL HISTORY

¶1.     Henry R. Cobb, Jr., and Richard Cobb (collectively "the Cobbs") filed suit in the Chancery Court of Coahoma County, Mississippi, against G. B. "Boots" Smith Corporation (Smith) alleging breach of contract for the sale of fill dirt and seeking damages. Chancellor William G. Willard, Jr., held a trial, found breach of contract by Smith and awarded a judgment in favor of the Cobbs. Smith appealed the decision to this Court. In an opinion written by then Justice William L. Waller, Jr., this Court affirmed the finding that there had been a breach of contract by Smith. However, the chancellor's award of damages was reversed and remanded

for a recalculation of damages consistent with the Court's opinion. *G. B. "Boots" Smith Corp. v. Cobb,* 860 So.2d 774 (Miss. 2003) (*Smith I*).

¶2.  The chancellor determined that the amount of fill dirt to be used on the project was 706,553.3 cubic yards, that the Cobbs had been paid for 443,716.3 cubic yards, leaving a balance of 262,837 cubic yards to be purchased from the Cobbs.  Therefore, the chancellor found damages in the amount of $105,134.80 (262,837 cubic yards x $.40 per cubic yard = $105,134.80).  On appeal, we found that the $105,134.80 figure was erroneous and remanded for recalculation.  This Court stated:

> The principle governing breaches of sales contracts is to give the aggrieved party the benefit of the contract by putting the party in as good a position as the party would have been in had the breaching party performed the agreement. The appropriate measure of damages is found in Miss.Code Ann. § 75-2-708 (Rev.2002), "Seller's damages for nonacceptance of goods or repudiation of the sales contract." *See, e.g.*, *Chem. Distribs.*, 1 F.3d at 1486. Subsection (1) provides for damages equal to the difference between the agreed price and the market value of the goods. If subsection (1)'s damages are inadequate, subsection (2)'s measure of damages, "the profit (including reasonable overhead) which the seller would have made from full performance by the buyer, together with any incidental damages," applies. The chancellor awarded the Cobbs the full sales price as damages. **Because the Cobbs are still in possession of the dirt they were to sell and presumably could still sell, they are entitled only to the lost profits and any incidental damages under § 75- 2-708.**

*Smith I*, 860 So.2d at 778-79 (emphasis added).

¶3.  On remand, the chancellor awarded the Cobbs a judgment in the amount of $103, 259.80 plus interest from January 28, 2002, the date of the original judgment that was appealed to this Court in *Smith I* at an annual interest rate of 8%.  The chancellor, in deriving the $103,259.80 figure, deducted $1,875.00 from $105,134.80.  The $1,875.00 represented a credit for the amount of the fill dirt contracted to be sold to Smith that was sold to another

2

purchaser. Smith now appeals to this Court contending that the chancellor did not comply with the opinion of this Court on remand, effectively overruling the decision rendered by this Court in *Smith I* which reversed the chancellor's findings as to assessment of damages. Smith also disputes the 8% interest awarded to the Cobbs on their judgment.

## FACTS

¶4.    In *Smith I*, we described the pertinent facts:

> Smith is a Mississippi corporation engaged in, among other things, the road construction business. Smith entered into a contract with the State of Mississippi to construct a bypass on U.S. Highway 61 in Coahoma County. The completion of this contract would require Smith to purchase a large amount of fill dirt. Smith entered into a contract with the Cobbs as follows: "The Sellers (the Cobbs) hereby sell to Buyer (Smith) all fill dirt for Project No. SDP-009-4(34) on Highway 61 Bypass South from the Sunflower River West to the end of said project, in Coahoma County, Mississippi." The contract further stated that the quantity of fill dirt needed would be approximately 550,000 cubic yards, and that Smith would purchase the fill dirt at the rate of $.40 per cubic yard.
>
> After Smith had removed 443,716.30 cubic yards from the Cobbs' property, it began purchasing fill dirt from a third party. When the Cobbs discovered that Smith was acquiring fill dirt elsewhere, they filed suit alleging that the contract required Smith to purchase all fill dirt for the project solely from the Cobbs.
>
> The chancery court found that, as a matter of law, the contract was unambiguous, was a mutual contract between the parties, required the Cobbs to provide all the fill dirt for the project, and required Smith to purchase all fill dirt for the project from the Cobbs. The chancery court then allowed the parties to put on testimony as to the amount of damages that the Cobbs suffered as a result of Smith's breach of contract.
>
> The chancery court awarded $105,134.80, which is the contractual value of the amount of fill dirt used on the project that was not purchased from the Cobbs at $.40 per cubic yard. The chancery court further found that, because Smith was receiving monthly checks from the State of Mississippi for supplies for the project, Smith was considered a contractor, and the Cobbs were considered subcontractors, a fifteen percent (15%) damages penalty pursuant to Miss.Code Ann. § 31-5-27 (Rev.2000) should be imposed against Smith. The total judgment entered against Smith was for $120,905.02. Smith appeals.

*Smith I*, 860 So.2d at 776.

## DISCUSSION

¶5.     When reviewing a decision of a chancellor, this Court applies a limited abuse of discretion standard of review.  *McNeil v. Hester*, 753 So.2d 1057, 1063 (Miss. 2000).  This Court will not disturb the findings of a chancellor "unless the chancellor was manifestly wrong, clearly erroneous, or applied the wrong legal standard." *Id*.  *See Pilgrim Rest Missionary Baptist Church ex rel. Bd. of Deacons v. Wallace*, 835 So.2d 67, 71 (Miss. 2003).  Issues regarding the construction of contracts are questions of law.  *Parkerson v. Smith*, 817 So.2d 529, 532 (Miss. 2002); *Miss. State Hwy. Comm'n v. Patterson Enters., Ltd.*, 627 So.2d 261, 263 (Miss. 1993). The standard of review for questions of law is de novo. *Parkerson*, 817 So.2d at 532; *Starcher v. Byrne*, 687 So.2d 737, 739 (Miss. 1997).

### I.     Whether the chancellor erred by not complying with this Court's decision on remand.

¶6.     The mandate issued by an appellate court is binding on the trial court on remand. *Dunn v. Dunn,* 695 So. 2d 1152, 1155 (Miss. 1997).  However, the chancellor did not follow the directives issued by this Court in *Smith I*.  Rather than comply with the Court's opinion, the chancellor determined that the case turned more on general contract law.   The chancellor stated:

> Justice Waller[,] writing in the Court's opinion[,] said "presumably could sell" saying that Cobb[,] who is still in possession of the dirt[,] could presumably sell the dirt that was remaining.  His statement is contained in the opinion in its determination that if in fact Cobb received all of its damages, that is the $105,134.80, and then went and sold the dirt that Cobb would be unjustly enriched.  This is a unique sale of a particular dirt that meets certain criteria that was acceptable to Smith.  The [c]ourt is under the opinion that Smith should not

4

reap any benefit, and Cobb should not be penalized because of Smith[']s failure to perform under the contract. This court turns this case more on general contract law, and the duty and obligations of two parties under contract law to perform their obligations under it.

¶7. In *Smith I*, we held that "[t]he appropriate measure of damages is found in Miss. Code Ann. § 75-2-708 (Rev.2002)." 860 So.2d at 778. This Court held that the Cobbs were only entitled to the lost profits and any incidental damages under Miss. Code Ann. § 75-2-708 and remanded the case for the chancellor to recalculation the damages and make the award. *Id.* at 779. The Court further stated:

> Use of this calculation, however, would result in unjust enrichment because the Cobbs would receive lost profits and still be in possession of the fill dirt, which they could sell to another purchaser. The Cobbs would be paid almost double what the fill dirt was worth in the first place...

*Id.*

¶8. Accordingly, as the chancellor did not comply with the previous directives of this Court stated in *Smith I*, we reverse the chancellor's judgment in favor of the Cobbs and remand the case for the recalculation and award of damages for Smith's breach of contract.

**II.     Whether the chancellor erred in awarding the 8% interest.**

¶9. Smith argues that the chancellor erred in awarding prejudgment interest and cites authority for when it is appropriate to award prejudgment interest. In the chancellor's opinion, he stated, "the judgment of this [c]ourt is that the judgment to [the] Cobb[s] is $103, 259.80 plus interest from 1/28/02, which is the date of the original trial of this cause, at 8%."

¶10. The Cobbs correctly contend that the interest awarded by the chancellor is post-judgment interest, not prejudgment interest. Therefore, Smith's analysis on appeal of the law regarding award of prejudgment interest is misplaced. This issue is without merit.

5

## CONCLUSION

¶11.    For the foregoing reasons, we reverse the judgment of the Chancery Court of Coahoma County and remand this case to the chancery court for a reassessment of damages and entry of a new judgment in accordance with *Smith I* and this opinion.

¶12.    **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**