910 So.2d 1129 (2005)
HUMPHREYS COUNTY, Mississippi, Appellant
v.
GUY JONES, JR. CONSTRUCTION CO., INC., Appellee.
No. 2003-CA-02495-COA.
Court of Appeals of Mississippi.
March 22, 2005.
*1130 Paul Mathis, Jr., attorney for appellant.
James W. Burgoon, Jr., Greenwood, attorney for appellee.
Before BRIDGES, P.J., IRVING and MYERS, JJ.
MYERS, J., for the Court.
¶ 1. This case originates in Humphreys County based upon a contract dispute between the county and Guy Jones, Jr. Construction Co., Inc. Jones contracted with Humphreys County to construct a multipurpose building in Belzoni, Mississippi for a fixed price of $254,000. During construction, at least one change order was executed, which brought the final contract price to $289,303.80. The final contract price is not in dispute, but, whether or not the trial court erred by assessing interest, costs, and attorneys' fees against Humphreys County for their delay in payment is at issue.

STATEMENT OF FACTS
¶ 2. On February 14, 2000, Humphreys County entered into a construction contract with Guy Jones, Jr. Construction Co., Inc. for the construction of a multipurpose building in Belzoni, Mississippi. The construction contract which the parties entered, indicated that the multipurpose building was to be constructed at a fixed contract price of $254,000 which was to be funded by Humphreys County and several federal grants.
¶ 3. The written contract contained a provision stating that the project was to be paid for using monthly progress payments, which were to be made after an application for payment was received by the architect. Application for payment was to be received no later than the twenty fifth of each month and payment was then due by the tenth of the following month. In the event *1131 that application for payment was received after the twenty fifth, payment was due within fifteen days after receipt of the application for payment.
¶ 4. On August 16, 2000, as a condition of the federal grants, the Rural Development Agency conducted a pre-construction conference where certain responsibilities of rural development were discussed, one of which was to accept or reject partial payment estimates and to monitor the funds. Due to Jones's presence at this meeting, the trial court found that the company was put on notice that the partial payments, having to be approved by the Rural Development Agency, would probably not conform to the provisions of the contract, in regards to the date of payment. The trial court further found that the pre-construction conference acknowledgment page specifically stated that the conference did not modify any existing contract or agreement and that neither party had taken any action to reconcile the possible conflict in the payment schedule. Thus, the trial court found that the progress payments as discussed above governed payment under the contract.
¶ 5. At trial, Humphreys County argued that federal regulations apply to the timeliness of payments, which would preempt the application of state law, but the trial court found that Humphreys County failed to provide any evidence in support of their theory and the contract was indeed governed by state law.
¶ 6. In accordance with state law, the trial court awarded Jones a total of $8,160.71 in interest, costs, and attorneys' fees. The trial court found that pursuant to Mississippi Code Annotated § 31-5-25 (Rev.2000), Jones was entitled to interest in the amount of $3,482.41 for Humphreys County's untimely payments for the second and fourth installments. The trial court also found that Jones was entitled to interest on the final payment pursuant to Mississippi Code Annotated § 31-5-25 from June 10, 2002 to April 30, 2003, a total of 325 days, for an amount of interest of $3,406.16. Furthermore, the trial court found that pursuant to Mississippi Code Annotated § 31-7-309 (Rev.2000), Jones retained an attorney to collect interest due on partial and final payments and was entitled to recovery of attorneys' fees in the amount of 25% of the awarded judgment, which brought the entire amount awarded Jones to $8,160.71.
¶ 7. Aggrieved by the trial court's ruling, Humphreys County appeals, raising the following issue:
I. WHETHER UNDER THE TERMS OF THE FIXED PRICE CONTRACT, JONES IS ENTITLED TO INTEREST, COSTS, AND ATTORNEYS' FEES FOR DELAYED PAYMENTS.
¶ 8. Finding no error, we affirm.

LEGAL ANALYSIS

I. WHETHER UNDER THE TERMS OF THE FIXED PRICE CONTRACT, JONES IS ENTITLED TO INTEREST, COSTS, AND ATTORNEYS' FEES FOR DELAYED PAYMENTS.

STANDARD OF REVIEW
¶ 9. Reviewing the construction of contracts involves questions of law that are committed to the court rather than the fact finder. Warwick v. Gautier Utility Dist., 738 So.2d 212, 215(¶ 8) (Miss.1999) (citing Mississippi State Highway Comm. v. Patterson Enters., Ltd., 627 So.2d 261, 263 (Miss.1993)). Therefore, our standard of review is de novo. Id.

DISCUSSION
¶ 10. Humpheys County argues that the trial court's award of interest, *1132 costs, and attorneys' fees in the amount of $8,160.71 was improper because the source of funds for the project partially came from a federal grant. Humphreys County further argues that because a portion of these funds were federal, the guidelines, procedures, and payment requirements were under the authority of the United States government. In support of this contention, Humphreys County cites this Court to various Fifth Circuit Court of Appeals cases as well as United States Supreme Court cases which state generally that "the United States has authority to fix the terms and conditions upon which its money allotments to state and other governmental entities should be disbursed." U.S. v. Marion County School Dist., 625 F.2d 607, 609 (5th Cir.1980).
¶ 11. While Humphreys County's position stating that the United States government has the authority to fix the terms and conditions in which its grants should be disbursed is to be given due consideration, it cannot be stated that the sole source of funds, nor the specific funds in question were derived from the United States government. In the appellate brief submitted by Humphreys County it states "[t]he construction of the multipurpose building was funded through county and several sources of federal grant funds, including the United States Department of Agriculture, Rural Development Agency." It is not argued that the federal government was the sole provider of funds for this project. In fact, the sources of the funds are alluded to in the brief but there is no mention of the percentage of the total purchase price each source contributed. Thus, it is unclear from the record which portion of the funds were derived from the federal government and which portion of the funds were provided by the county.
¶ 12. What is clear from the record and from the appellate briefs submitted for this case is that the parties agreed to a fixed contract price of $254,000 for the construction of a multipurpose building to be located in Belzoni, Mississippi. Further, it is clear that a change order was made to the contract which increased the total cost of the project to $289,303.80. The source from which the funds for the increased price of the project were to be derived was not established. Finally, it is clear that the change order increased the final price of the contract by $35,303.80, a portion of which was paid prior to Jones's filing of this lawsuit, as the amount in dispute between the parties is $28,202.98.
¶ 13. Humphreys County fails to show that the source of funds for the amount in dispute was traceable to any federal funding received for the project, and failed to do so at the trial level. There is nothing present in the record before this Court which indicates that any federal funding was involved in the construction process other than a statement arguing such in Humphreys County's brief, as well as a portion of the trial court judge's order stating that Humphreys County failed to present any evidence which indicated any federal funding was awarded the project. Because the issue of federal funding is not properly before this Court, our analysis will now focus on the applicability of state law to the contract entered between the parties.
¶ 14. As the trial court noted, the contract governing progress payments for the project was drafted by the architect hired by Humphreys County. Humphreys County now argues that there was some form of uncertainty or ambiguity as to the time of payment. As this state recognizes the principle that "an ambiguous contract is construed against the drafter," Ford v. State Farm Ins. Co., 625 So.2d 792, 797 (Miss.1993), Humphreys County should have incorporated an alternative provision *1133 which addressed the potential delay in payment due to receipt of federal funding as they assert that both parties were aware of the possibility in late payments. The applicable provisions present in the contract which address payments state as follows:
ARTICLE 5 PAYMENTS
5.1 PROGRESS PAYMENTS
5.1.1 Based upon Applications for Payment submitted to the Architect by the Contractor and Certificates for Payment issued by the Architect, the Owner shall make progress payments on account of the Contract Sum to the Contractor as provided below and elsewhere in the Contract Documents.
5.1.3 Provided that an Application for Payment is received by the Architect not later than the twenty fifth day of a month, the Owner shall make payment to the Contractor not later than the tenth day of the following month. If an Application for Payment is received by the Architect after the application date fixed above, payment shall be made by the Owner not later than fifteen days after the Architect receives the Application for Payment.
5.1.4 Each Application for Payment shall be based on the most recent schedule of values submitted to the Contractor in accordance with the Contract Documents. The schedule of values shall allocate the entire Contract Sum among the various portions of the Work. The schedule of values shall be prepared in such form and supported by such data to substantiate its accuracy as the Architect may require. This schedule, unless objected to by the Architect, shall be used as a basis for reviewing the Contractor's Applications for Payment.
5.2 FINAL PAYMENT
5.2.1 Final payment, constituting the entire unpaid balance of the Contract Sum, shall be made by the Owner to the Contractor when:
.1 the Contractor has fully performed the Contract except for the Contractor's responsibility to correct Work as provided in Subparagraph 12.2.2 of AIA Document A201-1997, and to satisfy other requirements, if any, which extend beyond final payment; and
.2 a final Certificate for Payment has been issued by the Architect.
5.2.2 The Owner's final payment to the Contractor shall be made no later than 30 days after the issuance of the Architect's final Certificate for Payment, or as follows:
ARTICLE 7 MISCELLANEOUS PROVISIONS
7.2 Payments due and unpaid under the Contract shall bear interest from the date payment is due at the rate stated below, or in the absence thereof, at the legal rate prevailing from time to time at the place where the Project is located.
¶ 15. The contract provisions, as listed, state very clearly that all progress payments were due on the tenth day of the following month, or if the application for payment was received after the twenty-fifth day of the month, within fifteen days thereafter. Humphreys County argues that Jones was on notice of the potential of delayed payments because of the pre-construction conference which was held. The trial court found that Jones was put on notice that payments would probably not conform to the contract in regard to the date of payments, due to the approval procedure by Rural Development, but that no action was taken by Humphreys County to attempt to reconcile the possible conflict in the payment schedule. Rather than attempting to reconcile the potential for *1134 delayed payments with the provisions of the contract, the pre-construction conference acknowledgment page specifically stated that the pre-construction conference did not modify any existing contract or agreement. It is firmly established in Mississippi law that evidence or testimony which would alter or vary the terms of the written contract will be inadmissible as parol evidence. E.R. Frazier Automatic Sprinkler Co. v. Merchants' Wholesale Grocery Co., 151 Miss. 571, 118 So. 416 (1928). As the acknowledgment page states specifically that it does not alter the terms of the written contract, neither would any prior agreements about delayed payment, as these agreements would violate the parol evidence rule. Therefore, this Court must review the contract which was in place; the applicable portions of which are set forth above.
¶ 16. At the trial level, Humphreys County argued that state law was inapplicable in this matter due to the receipt of federal funding, but failed to advance any evidence to support their theory. The trial court found that state law did indeed apply, specifically Mississippi Code Annotated §§ 31-5-25 and 31-7-309 which prescribe specific remedies for the issue presented. These statutes are as follows:
§ 31-5-25. Time for full and final payment to contractors; exemptions.
All sums due contractors under all public construction contracts shall be paid as follows:
(a) Partial, progress or interim payments: All partial, progress or interim payments or monies owed contractors shall be paid when due and payable under the terms of the contract. If they are not paid within sixty (60) calendar days from the day they were due and payable, then they shall bear interest from the due date until paid at the rate of one percent (1%) per month until fully paid.
(b) Final payments: The final payment of all monies owed contractors shall be due and payable:
(i) At the completion of the project or after the work has been substantially completed in accordance with the terms and provisions of the contract;
(ii) When the owner beneficially uses or occupies the project except in the case where the project involves renovation or alteration to an existing facility in which the owner maintains beneficial use or occupancy during the course of the project;
(iii) When the project is certified as having been completed by the architect or engineer authorized to make such certification; or
(iv) When the project is certified as having been completed by the contracting authority representing the State of Mississippi or any of its political subdivisions, whichever event shall first occur.
If the contractor is not paid in full within sixty (60) calendar days from the first occurrence of one (1) of the above-mentioned events, the said final payment shall bear interest from the date of said first occurrence at the rate of one percent (1%) per month until fully paid.
In no event shall said final payment due the contractor be made until the consent of the contractor's surety has been obtained in writing and delivered to the proper contracting authority.
§ 31-7-309. Recovery of attorney's fees in action to collect interest penalty.
Whenever a vendor brings formal administrative or judicial action to collect interest due under Sections 31-7-301 through 31-7-317, the public body shall *1135 be required to pay any reasonable attorney's fees if the vendor prevails.
¶ 17. The record makes clear that the project was completed on May 28, 2002 and that the architect had certified the building as complete which triggered final payment within thirty days. Further, on February 7, 2003, Jones filed suit to recover payment of the remaining balance of $28,202.92, almost nine months after completion. On June 10, 2003, the trial court accepted Humphreys County's interpleader deposit of funds in the amount of $28,202.92, in excess of one year from completion of the project. Based upon the delay in payment, the trial court awarded Jones interest, costs, and attorneys' fees as prescribed by Mississippi law pursuant to the statutes listed above. Such an award was supported by the record on appeal as the record contains a contract which provides for interest in the event of late payment, clearly details the schedule for progress payments, and clearly prescribes the manner in which final payment is to take place. Further, the record contains Humphreys County's notice of interpleader of the funds in dispute. Humphreys County's deposit with the court clearly shows that the funds were present to pay the remaining portion of the contract, but for reasons unknown, Humphreys County chose not to honor the final payment provision of the contract until a lawsuit had been filed to determine each party's rights.
¶ 18. The contract entered between the parties clearly set forth the payment terms of the project and while Jones was put on notice that payments could vary somewhat from the contract by his presence at the pre-construction conference, the pre-construction conference acknowledgment page specifically states that the contract terms are to govern, not the terms from the pre-construction conference. As this contract clearly sets forth the structure of payment and the penalties for delay in payment, as governed by state law, this Court finds that the strict terms of the contract govern and we affirm the decision of the trial court.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF HUMPHREYS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR. IRVING, J., CONCURS IN RESULT ONLY.