SUGG, Justice:
This is an appeal from the Chancery Court of Newton County by a judgment creditor of the estate of Albert S. Mason. In a former case we decided that the real property owned by Mason at the time of his death was his homestead and could not be sold to satisfy appellant’s judgment because it was exempt property. Weaver v. Blackburn, 258 So.2d 755 (Miss.1972).
Mason’s widow, to whom the 54.49 acre homestead descended since the couple had no children, died and under her will title passed to her twelve devisees. After Mrs. Mason’s death and after the decision in Weaver, supra, appellant filed another petition for the sale of the homestead to pay the unsatisfied judgment against Mason’s estate. The lower court denied appellant’s petition and from that ruling she appeals.
*787 Appellant argues that Miss.Code Ann. § 91-1-7 (1972) operates to make the homestead liable for execution to satisfy the judgment debt against Mason’s estate. The pertinent part of the § 91-1-7 is:
If a husband die intestate and do not leave children or descendants of children, his widow shall be entitled to his entire estate, real and personal, in fee simple, after payment of his debts;

Appellant contends that, since Mason died intestate and without children, Mrs. Mason did not receive fee simple title to the exempt property because the judgment debt against Mason’s estate had not been paid. In this circumstance, appellant argues, Mrs. Mason took by inheritance only what amounted to a life estate in the exempt property, and after her death the property was subject to payment of Mr. Mason’s debts.
In determining a widow’s estate in exempt property § 91-1-7 must be read in conjunction with §§ 91-1-19 and 91-1-21. The applicable parts of §§ 91-1-19 and 91-1-21 are as follows:
§ 91-1-19. Descent of exempt property.
The property, real and personal, exempted by law from sale under execution or attachment shall, on the death of the husband or wife owning it, descend to the survivor of them and the children and grandchildren of the decedent, as tenants in common, grandchildren inheriting their deceased parent’s share; and if there he no children or grandchildren of the decedent, to the surviving wife or husband; and if there be no such survivor, to the children and grandchildren of the deceased owner. . . . (Emphasis supplied.)
§ 91-1-21. Exempt property liable for debt of decedent.
If there shall not be either a surviving wife or husband or children or grandchildren of the decedent, the exempt property shall be liable for the debts of the decedent and be disposed of in all respects as other property of such decedent.
It is readily apparent that, while § 91— 1-7 controls the general descent of property as between husband and wife, the statute is not applicable to the descent of exempt property. Section 91-1-19 specifically controls the descent of exempt property, and those entitled thereto under the statute inherit the exempt property in fee simple free of decedent’s debts. If two or more persons inherit the exempt property they own the property as tenants in common. Only when the decedent leaves no surviving spouse or children or grandchildren does the exempt property become liable for the decedent’s debts under § 91-1-21.
We hold that Mrs. Mason inherited the exempt homestead in fee simple and therefore it was not liable for the debts of Mr. Mason’s estate. Any other holding would arbitrarily reduce a widow’s estate in exempt property. The action of the lower court in denying appellant’s petition for the sale of the homestead is hereby affirmed.
Affirmed.
GILLESPIE, C. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.