# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-00531-SCT

## CONSOLIDATED WITH

## NO. 2008-CA-00145-SCT

*CHEROKEE INSURANCE COMPANY*

*v.*

*SARAJEAN BABIN, INDIVIDUALLY FOR AND*
*ON BEHALF OF ALL HEIRS OF BRITT ROGERS,*
*AND THE ESTATE OF BRITT ROGERS AND*
*KATHY GUSTAVIS*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/24/2009 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | BENNY M. "MAC" MAY |
| | DAVID C. DUNBAR |
| ATTORNEYS FOR APPELLEES: | CHUCK McRAE |
| | WILLIAM B. KIRKSEY |
| | JAMES D. SHANNON |
| | JAMIE NICOLE HARDISON-EDWARDS |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED IN PART; REVERSED IN PART AND REMANDED - 06/10/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., LAMAR AND KITCHENS, JJ.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     In this case, we are asked to determine whether the parties waived their right to appeal

when they entered into a settlement agreement but agreed to litigate the issue of coverage.

If the parties did not waive their right to appeal, we must determine whether the trial court erred in finding that, under Tennessee law, a general liability insurance policy covered injuries related to an automobile accident.

**Facts and Procedural History**

¶2.     On July 21, 2005, on Interstate 55 in Copiah County, Mississippi, an automobile accident occurred involving two eighteen-wheelers, a bob-tailed truck,[1] and a passenger automobile.  One of the eighteen-wheelers was owned by Three Rivers Trucking, Inc., a Tennessee corporation, and was driven by that company's employee, Bobby Morris.  The other eighteen-wheeler was owned by Safeway Transportation Co., Inc., and was driven by its employee, Jerry Cooper.  Britt Rogers was driving the bob truck and died as a result of the accident.  Kathy Gustavis was driving her Toyota Camry, the passenger vehicle.  She survived the accident but sustained severe physical injuries.

¶3.     Sarajean Babin, individually, and on behalf of the estate and heirs of Rogers (collectively "Babin"), brought suit in Copiah County Circuit Court against Morris, Three Rivers, Gustavis, Safeway, and Cooper.  Gustavis filed a cross-claim against Three Rivers and Morris, and later amended her complaint to add Safeway and Cooper as defendants.  All claims against Safeway and Cooper eventually were dismissed, as well as Babin's claim against Gustavis.  Therefore, the only claims that remained were Babin's and Gustavis's claims against Three Rivers and Morris.  In addition to their claims that Three Rivers was liable for Morris's negligence via respondeat superior, the plaintiffs also alleged that Three

---

[1]A bob-tailed truck, also called a bob truck, is an over-the-road truck that does not have a trailer in tow.

Rivers was directly liable for its negligence in hiring, supervising, training, and monitoring its employee, Morris.

¶4. On November 14, 2006, Babin and Gustavis reached a settlement agreement with Three Rivers, Morris, and Three Rivers' insurance carrier, Cherokee Insurance Company. Three Rivers carried both commercial automobile insurance and general commercial liability (GCL) insurance policies with Cherokee. The parties agreed to settle for the automobile policy's $1,000,000 limit, with Babin and Gustavis each receiving agreed percentages. The parties also agreed to litigate the issue of coverage under the GCL policy, capping the coverage limit at $800,000, by agreement.[2] This agreement was dictated into the record in open court but was not otherwise reduced to writing.

¶5. Babin and Gustavis (the plaintiffs) amended their complaints, adding Cherokee as a defendant and requesting a declaratory judgment that the GCL policy afforded coverage to Three Rivers for its negligence in the supervision, hiring, employment, training and/or monitoring of Morris. The circuit court ruled in favor of the plaintiffs, finding that their claims against Three Rivers fell outside the GCL policy's exclusions.

¶6. After Cherokee appealed the decision, Babin filed a motion in the circuit court to enforce the settlement agreement, arguing that the parties, while agreeing to *litigate* the coverage issues, had waived their right to appeal from the trial court. The circuit court declined to rule on the motion, believing that jurisdiction was with the appellate courts. The appeal was retained by this Court,[3] and the plaintiffs filed motions to dismiss, arguing that

---

[2]The maximum coverage provided by the GCL policy was $1,000,000.

[3]Not assigned by us to the Mississippi Court of Appeals.

the parties had waived any right to appeal. We granted the motions, but did not rule on the waiver issue, simply dismissing the appeal without prejudice. Following dismissal of the appeal, the trial court granted Babin's motion to enforce the settlement agreement and entered a final judgment in favor of the plaintiffs.

¶7.     Cherokee has appealed a second time and asks this Court to reverse. Cherokee argues that it never waived its right to appeal and that the GCL policy excludes the type of claims filed by the plaintiffs against Three Rivers.

### Discussion

¶8.     Both issues in this case involve the interpretation of contracts. Such issues are questions of law reviewed by our appellate courts under a de novo standard of review. *Warwick v. Gautier Util. Dist.*, 738 So. 2d 212, 215 (Miss. 1999) (citing *Miss. State Hwy. Comm'n v. Patterson Enters., Ltd.*, 627 So. 2d 261, 263 (Miss. 1993)). We first look to the express wording of the contract itself, looking at the contract as a whole, to the exclusion of extrinsic or parol evidence. *Id.* (citing *Brown v. Hartford Ins. Co.*, 606 So. 2d 122, 126 (Miss.1992); *Cooper v. Crabb*, 587 So. 2d 236, 239-41 (Miss. 1991)). If the parties' intent is unclear, the court will utilize the applicable "canons" of contract construction. *HeartSouth, PLLC v. Boyd*, 865 So. 2d 1095, 1105 (Miss. 2003) (citing *Pursue Energy Corp. v. Perkins*, 558 So. 2d 349 (Miss. 1990)). Finally, if the meaning remains ambiguous, only then may the court consider extrinsic evidence. *Id.*

### I. Right to Appeal

¶9.     The plaintiffs argue that when the parties reached a settlement, they waived their right to appeal. The terms of the settlement agreement were recited into the record by Gustavis's

4

attorney with all parties present. After articulating the settlement as it related to the automobile insurance, the attorney said:

> The second policy is a commercial general liability policy. And [Cherokee] has filed a dec[laratory] action in federal district court in front of Judge Wingate. And the parties have agreed on that particular matter that we will agree to cap the coverage limit at $800,000, that we will litigate that in federal district court or any court that has jurisdiction – and if it's the Circuit Court of Copiah County. But it's, of course, to determine who has jurisdiction – that the split between the parties on the amounts would be 250 [thousand dollars] to Kathy Gustavis and 550 [thousand dollars] to the heirs of Britt Rogers on the additional coverage under the commercial general liability.

¶10. Babin argues that Cherokee never reserved its right to appeal and that once the circuit court determined coverage existed under the GCL policy, this satisfied a condition precedent requiring Cherokee to pay. However, an agreement not to appeal "should be very clear in its terms, and leave no doubt of the intention of the party to cut himself off from the right of appeal." *Nobile v. Nobile*, 535 So. 2d 1385, 1387 (Miss. 1988) (quoting 4 Am. Jur. 2d *Appeal and Error* § 236 (Supp. 1988)). We find nothing in the foregoing recitation that clearly expresses a waiver of any party's right to appeal from the trial court. Thus, Cherokee's appeal is properly before this Court.

## II. Coverage under the Commercial General Liability Policy

¶11. Having determined that Cherokee did not waive its right to appeal, we must examine whether the GCL policy covers the direct claims against Three Rivers despite the so-called automobile exclusion. Under the controlling provision,

This insurance does not apply to:

Aircraft, Auto or Watercraft

5

"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft:

> (1) Owned or operated by or rented or loaned to any insured; or

> (2) Operated by any "employee" in the course of his or her employment by the insured or while performing duties related to the conduct of the insured's business.

That language was contained in an endorsement that was appended to the policy at the time the policy was issued. This endorsement replaced the original automobile exclusion. The only significant difference between the endorsement and the original policy is the omission of the following language from the endorsement:

> This exclusion applies even if the claims arising against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use, or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

¶12. The trial court concluded that, because the language concerning "negligence or other wrongdoing in the supervision, hiring, employing, training and monitoring of others" was omitted from the endorsement, the plaintiffs' claims against Three Rivers fell outside the exclusion contained in the endorsement.

¶13. Cherokee argues that, despite the amendment to the exclusion, the policy nevertheless excludes the plaintiffs' claims regarding negligent supervision, hiring, employing, training and monitoring. Cherokee asserts that the language of the exclusion contained in the endorsement remains unambiguous and that the claims against Three Rivers are excluded because they "aris[e] out of the use or entrustment to" Morris of an "auto."

6

¶14.   The parties agree that Tennessee law controls the interpretation of the GCL policy. The Tennessee Supreme Court has recognized what it has termed "the concurrent causation doctrine." Under this doctrine, coverage exists "where a nonexcluded cause is a substantial factor in producing the damage or injury, even though an excluded cause may have contributed in some form to the ultimate result and, standing alone, would have properly invoked the exclusion contained in the policy." *Allstate Ins. Co. v. Watts*, 811 S.W.2d 883, 887 (Tenn. 1991).

¶15.   In *Watts*, the Tennessee Supreme Court examined a homeowner's policy which contained an exclusion for "bodily injury or property damage arising out of the ownership, maintenance, use, occupancy . . . loading or unloading of any motorized land vehicle or trailer." *Id.* at 884. Under the facts of that case, the insured and the plaintiff were attempting to repair a truck parked on the insured's property. *Id.*  When the plaintiff tried to use a cutting torch to remove a lug nut, a spark from the torch ignited a pan of flammable liquid, and the plaintiff suffered serious burns. *Id.* at 884-85. The plaintiff sued the homeowner, alleging that the homeowner was negligent in failing to warn him of the presence of the flammable substance and in picking up the flaming pan and then dropping it so as to burn the plaintiff. *Id.* at 885. Allstate denied coverage on the ground that the injuries arose out of the maintenance of an automobile. *Id.*  Applying the concurrent causation doctrine, the Tennessee Supreme Court concluded that the plaintiff's injuries were covered because, even though they were caused in part by an excluded risk, maintenance of a vehicle, they were also caused in part by nonexcluded risks: negligence in failing to warn, and spilling flaming liquid. *Id.* at 888.

7

¶16.    Here, the trial court relied on *Watts*, as well as the language Cherokee chose to remove from its original policy, to find that the claims against Three Rivers were covered. Specifically, the trial court found that:

> In light of the sworn testimony taken in this case and the documentary evidence available to the Court, there are facts upon which a jury may conclude that Three Rivers failed to properly train, monitor, and supervise Bobby Morris in Tennessee; that Three Rivers failed to have proper safety management controls in place; and failed to monitor and implement a proper safety training program for the safety of its employees and the public; failed to hire qualified employees.

¶17.    We agree with the trial court's interpretation of the *Watts* decision, in that there *could* have been two alleged concurrent causes of the accident such that coverage would apply: (1) Morris's negligence in his operation of the vehicle; and (2) Three Rivers' negligence in their supervision, hiring, employing, training, and monitoring of Morris. However, under *Watts*, the nonexcluded cause must be "a substantial factor in producing the damage or injury." *Id.* at 887. We find no language in the judgment indicating that the trial judge found the nonexcluded cause to be "a substantial factor" in causing the accident. Therefore, we reverse the judgment and remand the case for further proceedings. Should the trial court find that Three Rivers was not negligent in its supervision, hiring, employing, training, or monitoring of Morris, or that Three Rivers was negligent, but that such negligence was not a substantial factor in causing the accident, a judgment should be entered in favor of Cherokee in the declaratory judgment action. On the other hand, should the trial court find that Three Rivers was negligent in its supervision, hiring, employing, training, or monitoring of Morris, and that such negligence was a substantial factor in causing the accident, a judgment should be

8

entered in favor of the plaintiffs in an amount the trial court finds to be consistent with the settlement agreement.

¶18.    **AFFIRMED IN PART; REVERSED IN PART AND REMANDED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, LAMAR, CHANDLER, AND PIERCE JJ., CONCUR.**