68 So.3d 702 (2011)
In the Matter of the ESTATE OF Arlyn E. DARBY, Deceased: Office of the Governor, Mississippi Division of Medicaid, and State of Mississippi, Appellants
v.
Linda Darby STINSON, Executrix, Appellee.
No. 2010-CA-00335-COA.
Court of Appeals of Mississippi.
February 22, 2011.
Rehearing Denied May 31, 2011.
Certiorari Denied September 1, 2011.
*703 William Harris Mounger Jr., Charles Palmer Quarterman, Jackson, attorneys for appellants.
Ralph Edwin Chapman, Clarksdale, Joseph Harland Webster, Robert Lawson Holladay, Indianola, attorneys for appellee.
EN BANC.
KING, C.J., for the Court:
¶ 1. The DeSoto County Chancery Court granted summary judgment in favor of Linda Darby Stinson, executrix of the estate of Arlyn Darby, denying the Division of Medicaid's claim against the estate. The chancellor determined that the estate was composed of exempt property, which descended outside of the probate estate, free and clear of any debts and claims of the Division of Medicaid or any other creditor. Medicaid raises three issues: (1) whether Medicaid is entitled to reimbursement from Darby's estate, (2) whether exempt property is included within Darby's estate for purposes of the Medicaid estate recovery program, and (3) whether Darby's execution of the contract for Medicaid benefits waived his right to claim exemptions.
¶ 2. We find no error and affirm.

FACTS
¶ 3. Arlyn E. Darby was a resident of the Sardis Community Nursing Home at the time of his death on May 20, 2009. Darby had been receiving Medicaid benefits while he was a resident of the nursing home. At the time of his death, Darby owned his house and a small amount of personal property. The value of his homestead did not exceed $75,000 and the value of his personal property did not exceed $10,000. The property was devised to his children and one grandchild.
¶ 4. The Division of Medicaid filed a probate claim against the estate pursuant to the provisions of Title 42 of the United States Code section 1396p(b) (2006) and Mississippi Code Annotated section 43-13-317 (Rev.2009). The claim of $123,716.13, represented the total amount Medicaid expended *704 for Darby's medical care after he reached the age of fifty-five.
¶ 5. Linda Darby Stinson, Darby's daughter and executrix of the estate[1], filed an objection to the probated claim asserting that the property Darby owned was exempt property and not subject to Medicaid's claim. Stinson relied on Mississippi's homestead exemption statute to support her objection. The relevant portion of the statute reads "a householder shall be entitled to hold exempt from seizure or sale, under execution or attachment, the land and buildings owned and occupied as a residence." Miss.Code Ann. § 85-3-21 (Rev.1999). Medicaid responded to the objection arguing that the real property was not exempt property because none of Darby's heirs were living in the home and declaring it as their homestead.
¶ 6. Stinson filed a motion for summary judgment requesting the court to determine that Medicaid's claim was not valid against Darby's property. Stinson alleged that because the property was exempt, it passed outside of the estate and therefore, was not subject to Medicaid's claim. In response to Stinson's argument that the property was exempt, Medicaid argued that even if the property were exempt, Stinson contractually waived the exemption when she submitted the application for Medicaid benefits on behalf of Darby. The court granted summary judgment in favor of Stinson. Medicaid then timely filed its notice of appeal.

ANALYSIS
¶ 7. "This Court reviews summary judgments de novo." Point S. Land Trust v. Gutierrez, 997 So.2d 967, 975 (¶ 18) (Miss. Ct.App.2008) (quoting Stallworth v. Sanford, 921 So.2d 340, 341 (¶ 5) (Miss.2006)). Summary judgment is proper where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). In determining whether the trial court properly granted summary judgment, we view the evidence in the light most favorable to the non-moving party. Gutierrez, 997 So.2d at 975 (¶ 18) (citing Moss v. Batesville Casket Co., 935 So.2d 393, 399 (¶ 17) (Miss.2006)).

1. Entitlement to Reimbursement
¶ 8. There is no dispute of Medicaid's right to recover its expenses from the property of a recipient's estate. The Omnibus Budget Reconciliation Act of 1993[2] included a provision requiring states to seek recovery of nursing home services, home and community-based services and related hospital and prescription drug services from the estate of a deceased Medicaid recipient who was fifty-five years of age or older when the assistance was received. 42 U.S.C. § 1396p(b). Effective July 1, 1994, pursuant to Mississippi Code Annotated section 43-13-317, Mississippi implemented its estate recovery program.[3]
¶ 9. The governing statute is as follows:
(1) The division shall be noticed as an identified creditor against the estate of any deceased Medicaid recipient under Section 91-7-145.
(2) In accordance with applicable federal law and rules and regulations, including those under Title XIX of the federal Social Security Act, the division may *705 seek recovery of payments for nursing facility services, home- and community-based services and related hospital and prescription drug services from the estate of a deceased Medicaid recipient who was fifty-five (55) years of age or older when he or she received the assistance. The claim shall be waived by the division (a) if there is a surviving spouse; or (b) if there is a surviving dependent who is under the age of twenty-one (21) years or who is blind or disabled; or (c) as provided by federal law and regulation, if it is determined by the division or by court order that there is undue hardship.
Miss.Code Ann. § 43-13-317.

2. Exempt Property
¶ 10. Even though it appears that Medicaid has the right to recover from Darby's estate, the more difficult task is determining what property is included within that estate. The Omnibus Budget Reconciliation Act defines the estate as follows: "For purposes of this subsection, the term `estate,' with respect to a deceased individual  (A) shall include all real and personal property and other assets included within the individual's estate, as defined for purposes of State probate law ...." 42 U.S.C. § 1396p(b)(4)(A) (emphasis added).
¶ 11. However, the next subsection of the Act grants each state the option of expanding the definition of estate to include,
"any other real and personal property and other assets in which the individual had any legal title or interest at the time of death (to the extent of such interest), including such assets conveyed to a survivor, heir, or assign of the deceased individual through joint tenancy, tenancy in common, survivorship, life estate, living trust, or other arrangement."
42 U.S.C. § 1396p(b)(4)(B).
¶ 12. The federal statute clearly permits each state to specifically define what assets are included within an estate for purposes of Medicaid recovery. The State Medicaid Manual, provided by the Centers for Medicare & Medicaid Services, which is the Medicare and Medicaid governing agency within the United States Department of Health and Human Services, instructs each state to "Specify in your State plan the definition of estate that will apply." State Medicaid Manual, § 3810 B.[4]

A. Definition of Estate
¶ 13. Pursuant to 42 U.S.C. section 1396p(b)(4)(B), a number of states have expanded the definition of estate to allow recovery beyond probate assets. Following the direction of the state medicaid manual, some states have incorporated a broad definition of estate for Medicaid expense recovery programs to include, but not limited to; living trusts[5], joint property and accounts[6], life insurance proceeds[7], non-probate assets[8], and the entirety of both a beneficiary's and his or her spouse's estates.[9] Not only are states permitted to *706 expand the assets included in a beneficiary's estate, but many states allow liens, authorized by the Tax Equity and Fiscal Responsibility Act of 1982[10], to be placed on real property even before the death of the Medicaid recipient[11]. Currently, there are very few states that limit estate recovery until after the beneficiary's death while also limiting recovery from assets within the probate estate; Mississippi is a member of this category[12].
¶ 14. The Mississippi statute permitting estate recovery does not expand the definition of estate and provides that recovery is permitted "[i]n accordance with applicable federal law...." Miss.Code Ann. § 43-13-317. The applicable federal statute permits Medicaid to recover from those assets of Darby's that pass through probate according to Mississippi law. 42 U.S.C. § 1396p(b)(4)(A).

B. Mississippi's Probate Laws
¶ 15. Neither party disputes that Darby's real property qualified as his homestead exemption pursuant to Mississippi Code Annotated section 85-3-21 (Rev.1999). The Mississippi Supreme Court has held exempt property is not part of the estate to be administered and descends directly by statute; and this is true whether the estate is solvent or insolvent De Baum v. Hulett Undertaking Co., 169 Miss. 488, 494-95, 153 So. 513, 515 (1934) (citations omitted). The descent of exempt property is governed by Mississippi Code Annotated section 91-1-19 (Rev. 2004), which states, "The property, real and personal, exempted by law from sale under execution or attachment shall, on the death of the husband or wife owning it, descend to the survivor of them and the children and grandchildren of the decedent...." The supreme court has interpreted this statute to allow those entitled, including spouse, children and grandchildren, to inherit the exempt property in fee simple free of the decedent's debts. See Weaver v. Blackburn, 294 So.2d 786 (Miss. 1974).
¶ 16. Mississippi Code Annotated section 91-1-21 provides that exempt property is not liable for the debt of the decedent if there is a surviving spouse, children or grandchildren. The supreme court has held that the specific language of section 91-1-21 continues a decedent's homestead exemption for a surviving spouse, children or grandchildren. Mem'l Hosp. at Gulfport v. Franzke, 634 So.2d 117, 118 (Miss. 1994). Therefore, Darby's children and grandchild are entitled to inherit the exempt property free of his debts.
¶ 17. Medicaid raises an argument that the broad homestead exemption descent statute coupled with a narrow definition of estate will limit the effectiveness of the estate recovery act. It is true that the Mississippi homestead exemption descent statute places no limitation on the age of the surviving children or grandchildren, nor does it impose occupancy restrictions.[13] *707 However, the statutes concerning the homestead, and its descent, are plain and unambiguous. This Court will not engage in statutory interpretation if a statute is plain and unambiguous. In re Guardianship of Duckett, 991 So.2d 1165, 1181 (¶ 37) (Miss.2008) (citation omitted).
¶ 18. Darby predeceased his children and a grandchild to whom he devised all of his property. Pursuant to the unambiguous language of the statutes, coupled with case law, the homestead, with its exemption, passed from Darby to his children and grandchildren free of his debts. Thus, Medicaid is not entitled to pursue a claim against the exempted property as it is not a part of the estate. We find this issue without merit.

3. Waiver
¶ 19. Medicaid claims that Stinson waived the exemption when she entered into a contractual relationship with Medicaid on behalf of Darby in order to become eligible for benefits. Medicaid argues that waiver is found in the following language of the contract, which states:
I (We) understand that upon my/our death, the Division of Medicaid has the legal right to seek recovery from my estate for services paid by Medicaid in the absence of a legal surviving spouse or a legal surviving dependent. Consideration will be made for hardship cases. An estate consists of real & personal property. Estate recovery applies to nursing homes, home and community based waiver clients age 55 or older.
¶ 20. Medicaid suggests that the language "an estate consists of real & personal property," waives Darby's right to claim his homestead exemption. A waiver is defined as a voluntary surrender or relinquishment of some known right, benefit or advantage. Sentinel Indus. Contracting Corp. v. Kimmins Indus. Serv. Corp., 743 So.2d 954, 964 (Miss.1999) (citation omitted). There is a general presumption against the finding of a waiver, and the party asserting the waiver bears a heavy burden of proof. Walker v. J.C. Bradford & Co., 938 F.2d 575, 577 (5th Cir.1991) (citations omitted).
¶ 21. This Court has further explained the necessary requirements for a valid waiver, saying:
Under Mississippi law, a "waiver" presupposes a full knowledge of a right existing, and an intentional surrender or relinquishment of that right. It contemplates something done designedly or knowingly, which modifies or changes existing rights, or varies or changes the terms and conditions of a contract. It is the voluntary surrender of a right. To establish a waiver, there must be shown an act or omission on the part of the one charged with the waiver fairly evidencing an intention permanently to surrender the right alleged to have been waived.
Taranto Amusement Co., Inc. v. Mitchell Assocs., Inc., 820 So.2d 726, 729 (¶ 13) (Miss.Ct.App.2002).

A. Knowledge of Waiver
¶ 22. The record does not support the idea that Darby had any knowledge of the benefits a homestead exemption provided, nor that he intentionally waived his right to the benefit of that exemption. The contract does not provide any information pertaining to, or even mention, the significance of any exemption.
¶ 23. The purpose of homestead exemption is to protect families from financial misfortune by preventing creditors from using a family's home to satisfy debts. Biggs v. Roberts, 237 Miss. 406, 411, 115 So.2d 151, 153 (1959). "This has been the law and the recognized public *708 policy of this state for many years." Id. As valuable as the homestead exemption is, a party must be informed in order to waive the right. Many states have implemented laws governing the procedure in which a waiver of the homestead exemption may be accomplished, and at least two states have implemented laws governing the specific language that must be contained within a contract to effectuate a valid waiver.[14] In this case, there is no substantial evidence to support the suggestion that Darby had any knowledge of the existence or significance of his right to waive his homestead exemption.

B. Intent to Waive Exemption
¶ 24. There is no evidence of Darby's intent to waive any of his rights. In determining a party's intent within a contract, the court must look to the express language of the contract. Cherokee Ins. Co. v. Babin, 37 So.3d 45, 48 (¶ 8) (Miss. 2010). In this case, the alleged waiver clause merely provides a general definition of "estate." This general definition of estate does nothing to state, or even suggest, that it takes precedence over the homestead exemption statute nor does the language within the contract adopt the specific language of the federal statute to affirmatively include non-probate assets within the estate.
¶ 25. If a contract is clear and unambiguous, then it must be interpreted as written. Architex Ass'n, Inc. v. Scottsdale Ins. Co., 27 So.3d 1148, 1157 (¶ 20) (Miss.2010) (citation omitted). The clause is clear and unambiguous in explaining to a Medicaid applicant that in exchange for services, Medicaid is entitled to assert a claim against the real and personal property comprising the recipient's estate. By entering into the contract, Darby merely acknowledged Medicaid as a creditor of his estate. Unfortunately, Darby's estate has no property against which Medicaid may recover. Considering the general presumption against the finding of a waiver coupled with the lack of evidence that Darby knew the significance or intended to waive his right to an exemption, we find this issue without merit.
¶ 26. THE JUDGMENT OF THE DESOTO COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION.
IRVING, J., dissenting:
¶ 27. With respect, I dissent from the majority's holding that this case should be affirmed. I would reverse and render the chancery court's judgment, which found that Stinson had not waived her right to a homestead exemption for Darby's property. I believe that the application that Stinson submitted for Medicaid benefits effectively waived Stinson's right to assert a homestead exemption.
¶ 28. For clarity's sake, I also quote the relevant portion of Darby's Medicaid application:

*709 I (We) understand that upon my/our death, the Division of Medicaid has the legal right to seek recovery from my estate for services paid by Medicaid in the absence of a legal surviving spouse or a legal surviving dependent. Consideration will be made for hardship cases. An estate consists of real & personal property. Estate recovery applies to nursing homes, home and community based waiver clients age 55 or older.
I would find that this plain language constitutes a waiver of Darby's homestead exemption. In the statement, Darby (or Stinson on his behalf) acknowledged that the Division of Medicaid could "seek recovery" from his estate. There was no limitation stated on the recovery other than that "[c]onsideration will be made for hardship cases." In my opinion, a reasonable person reading this statement would understand that he was allowing the Division of Medicaid to recover from his estate, regardless of any existing homestead exemption.
¶ 29. Therefore, I would reverse and render.
NOTES
[1] Darby's wife predeceased him.
[2] 42 U.S.C. § 1396p.
[3] Currently, all fifty states and the District of Columbia have implemented estate recovery programs. Michigan was the last state in 2007. Mich. Comp. Laws Ann. 400.112g.
[4] Transmittal 75, or § 3810(B) of the State Medicaid Manual, United States Department of Health and Human Services, Health Care Financing and Administration, (January 2001), provides policy clarification on mandatory and optional recovery measures to for Medicare and Medicaid Services.
[5] Maine (Me.Rev.Stat.Ann.tit.22, § 14.)
[6] Washington (Wash. Rev.Code Ann. § 43.20B.080.)
[7] Missouri (Mo.Rev.State. § 473.398.)
[8] Utah (Utah Code Ann. §§ 26-19-2.); Iowa (Iowa Code Ann. § 249A.5.)
[9] Idaho (Idaho Code Ann. § 56-218.); Kansas (Kan.Stat.Ann. § 39-709.); New York (N.Y. Soc. Serv. Law § 369.)
[10] 42 U.S.C. § 1395.
[11] Alabama (Ala. Admin. Code r. 560-x-33-.03.); Georgia (Ga. Comp. R. & Regs. 111-3-8-.07.)
[12] Mississippi, along with Arkansas, Michigan, New Mexico, North Carolina, Pennsylvania, South Carolina, Texas, Vermont, and West Virginia, limit recovery until after the beneficiary's death and from the assets of the estate.
[13] In 2005, the Texas Legislature addressed this very issue and amended its probate code in order to clearly provide that the descent of the homestead exemption passed only to the spouse and minor children. Previously, the language was ambiguous in regard to adult children. Tex. Prob.Code Ann. § 271. The Colorado Legislature requires occupancy for the homestead exemption to extend to heirs. Colo.Rev.Stat. Ann. 38-41-203.
[14] Both Iowa and North Dakota require the following text within the contract in order to accomplish a valid waiver: "I understand that homestead property is in many cases protected from the claims of creditors and exempt from judicial sale and that, by signing this contract, I voluntarily give up my right to this protection for this property with respect to claims based upon this contract." N.D. Cent.Code. § 47-18-05.1 and Iowa Code Ann. § 561.22.