LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. James Hanlin and Melanie Hanlin were marred in 1988. In 2007, the Hinds County Chancery Court granted James and Melanie a divorce on the ground of irreconcilable differences. The judgment incorporated a child-custody and property-settlement agreement (PSA). The PSA provided that James would “maintain in full force and effect the insurance benefits that are allowable by statute to the divorced spouse of a retired military person[.]” Melanie testified that she understood the clause to mean that for one year following the divoree, she would be covered under the same insurance, .Tricare, that she had been covered under during the .marriage.
¶ 2. During 2008, Melanie had surgery at Baptist Hospital for a “frozen shoulder,” which included a disc fusion and physical-therapy rehabilitation. Although Tricare preapproved the surgery and paid the initial bills, it did not continue to pay the bills *476 and requested reimbursement for the amount it had already paid. Melanie did not discover the lapse in coverage until 2009. Because she did not pay the medical bills that had accrued, Healthcare Financial Services LLC, the collection agent for Baptist Hospital, sued Melanie for the outstanding payments.
¶ 3. On April 24, 2012, James moved to enforce the terms of the PSA, specifically that Melanie refinance or sell the home since the minor child was emancipated. Along with her answer to James’s motion, Melanie filed a counter-petition to find James in contempt for: (1) failing to maintain health-insurance coverage under the terms of the PSA, (2) failing to pay the balance of the Discover credit card, and (3) failing to pay the $2,910.66 awarded in the September 2, 2010 judgment after Melanie moved for modification and contempt.[1] On June 12, 2012, James moved to dismiss his motion to enforce the terms of the PSA.
¶4. A hearing addressing Melanie’s counter-petition for contempt was held on September 27, 2012. On December 12, 2012, the chancellor entered a judgment nunc pro tunc to September 27, 2012, finding that under the PSA James was required to maintain Melanie’s health insurance for one year after the divorce. The chancellor ordered both parties to negotiate a settlement with Healthcare Financial within ten days, and that both parties would be equally responsible for paying the settlement judgment within 120 days. The chancellor also ordered James to pay the outstanding debt on the Discover credit card within 120 days, and to pay Melanie the amount awarded in the September 2, 2010 judgment within 240 days.
¶ 5. James now appeals, arguing: (1) the plain terms of the PSA must be enforced as written, (2) the court lacked jurisdiction to rewrite the PSA via a judgment nunc pro tunc, and (3) Melanie’s claims are time-barred or otherwise es-topped.
STANDARD OF REVIEW
¶ 6. We afford chancellors much discretion in our review of domestic-relations cases. Steiner v. Steiner, 788 So.2d 771, 777 (¶ 18) (Miss.2001). This Court will not disturb a chancellor’s findings unless they are manifestly wrong or clearly erroneous, or the chancellor applied an erroneous legal standard. Mizell v. Mizell , 708 So.2d 55, 59 (¶ 13) (Miss.1998). “However, a property settlement agreement is a contractual obligation. Contract interpretation, as a question of law, is reviewed de novo.” Harris v. Harris, 988 So.2d 376, 378 (¶8) (Miss.2008) (internal citation omitted).
DISCUSSION
I. LANGUAGE OF PSA
¶ 7. James argues that the chancellor should have enforced the plain terms of the PSA. When interpreting the language of a contract, we first must determine if it is ambiguous. Epperson v. SOUTHBank, 93 So.3d 10, 16 (¶ 17) (Miss. 2012). “In making that determination, the Court must review the express wording of the contract as a whole.” Id. (citing Cherokee Ins. Co. v. Babin, 37 So.3d 45, 48 (¶ 8) (Miss.2010)).
¶ 8. The PSA states:
HEALTH AND HOSPITALIZATION INSURANCE
The Husband agrees to maintain in full force and effect the insurance benefits that are allowable by statute to the di *477 vorced spouse of a retired military person.
Title 10, section 1078a(a) (2012) of the United States Code, the applicable statute at the time, provides that persons who qualify under subsection (b) will be provided “temporary health benefits comparable to the health benefits provided for former civilian employees of the Federal Government.” Section 1078a(b)(3) provides coverage for:
A person who—
(A) is an unremarried former spouse of a member or former member of the uniformed services; and
(B) on the day before the date of the final decree of divorce, dissolution, or annulment was covered under a health benefits plan under this chapter or transitional health care under section 1145(a) of this title as a dependent of the member or former member; and
(C) is not a dependent of the member or former member under subparagraph (F) or (G) of section 1072(2) of this title or ends a one-year period of dependency under subparagraph (H) of such section.
Subparagraphs (F), (G), and (H) of section 1072(2) provide insurance coverage in instances where there have been twenty years of overlapping military service and marriage. Because James and Melanie were not married for twenty years, the subparagraphs of section 1072(2) are not applicable.
¶ 9. Under section 1078a(a), Melanie was entitled to health-care coverage for at least one year. This issue is without merit.
II. NUNC PRO TUNC ORDER
¶ 10. James contends that the chancery court did not have jurisdiction to enter its judgment nunc pro tunc because it reshaped the agreement of the PSA. James further contends that a nunc pro tunc judgment is intended to correct a clerical error and not change the terms of a PSA. Because we find that the chancellor applied the plain language of the PSA and did not reshape the agreement, this issue is without merit.
III. TIME-BAR
¶ 11. James asserts that because Melanie waited longer than three years to bring her action, her claim is fully barred by the statute of limitations. James failed to raise this issue prior to his appeal. As this Court has repeatedly stated, “A party is not allowed to raise an issue for the first time on appeal.” Luse v. Luse, 992 So.2d 659, 663 (¶ 12) (Miss.Ct. App.2008). This issue is without merit.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. Melanie filed a previous motion for modification and contempt on January 4, 2010.