# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2021

Lyle W. Cayce
Clerk

No. 21-60079
Summary Calendar

Nicholas E. Herbert; Mary D. McCaleb Herbert,

*Plaintiffs—Appellants*,

*versus*

CitiMortgage, Incorporated, formerly known as
CitiFinancial Mortgage Company, Incorporated;
Citibank, N.A.; Select Portfolio Servicing,
Incorporated; Towd Point Master Funding Trust 2018-
PM10; U.S. Bank Trust National Association, as Trustee
for Towd Point Master Funding Trust 2018-PM10,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-CV-646

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60079

Nicholas E. Herbert and Mary D. McCaleb Herbert ("the Herberts") appeal the district court's dismissal of their breach of contract claims against CitiMortgage, Inc., CitiBank, N.A. (collectively "Citi"), Select Portfolio Servicing, Inc. ("SPS"), TOWD Point Master Funding Trust 2018-PM10, and U.S. Bank National Association, as Trustee for TOWD Point Master Funding Trust 2018-PM10 (collectively "the Trust"). According to the Herberts, the district court erred in finding no breach of the settlement agreement (hereinafter "the Settlement Agreement") that they reached with Citi, the terms of which govern this appeal. We disagree and AFFIRM.

## I. Background

In 2006, the Herberts refinanced the mortgage on their property in Biloxi, Mississippi with Wilmington Finance, Inc., receiving a loan for $95,200. Citi purchased the refinanced mortgage later that year, and by 2010 their loan was in default. In 2016, the Herberts filed suit against Citi in the Southern District of Mississippi seeking damages. They asserted claims for "breach of contract, fraud, [and] violations of 12 U.S.C.A. §§ 2605 et. seq." arising out of the loan and its servicing.[1] In 2017, the Herberts executed a Settlement Agreement with Citi, and the action was dismissed. According to the Settlement Agreement, Citi "den[ied] that [the Herberts'] claims ha[d] any merit" but still sought to compromise.

In 2018, the Herberts filed a motion in that case seeking to enforce the Settlement Agreement, which was denied since it included third parties who were not parties to the original proceeding. In their motion, the Herberts

---

[1] The Herberts also filed suit against Citi in the Chancery Court of Harrison County, Mississippi, and they filed for Chapter 13 bankruptcy protection in the United States Bankruptcy Court for the Southern District of Mississippi. These proceedings are mentioned in the Recitals to the Settlement Agreement, but they are not referenced in the pleadings.

No. 21-60079

alleged that Citi improperly initiated foreclosure and sold the underlying note and deed to SPS, which assigned the loan to the Trust. They did not challenge the district court's order denying their motion.

In 2019, the Herberts initiated this separate lawsuit against Citi and its successors in the Southern District of Mississippi seeking damages.[2] They advanced seven causes of action arising out of the Settlement Agreement and the initiation of foreclosure proceedings: (1) breach of contract; (2) negligence and/or gross negligence; (3) negligent misrepresentation; (4) violation of the Fair Credit Reporting Act ("FCRA"); (5) violation of the Fair Debt Collection Practices Act ("FDCPA"); (6) civil conspiracy; and (7) negligent infliction of emotional distress.[3] According to the Herberts, Citi, SPS, and the Trust breached a contract by attempting to collect on the mortgage that the Settlement Agreement had extinguished. The Herberts averred that actions taken to breach this contract and collect on the debt supported their other claims.

In 2020, Citi, SPS, and the Trust filed motions to dismiss. They argued that the Settlement Agreement did not release or extinguish the balance remaining on the Herberts' mortgage and that there was no breach of the Settlement Agreement. The district court granted both motions to dismiss with prejudice, concluding that the Settlement Agreement authorized these parties to foreclose and did not extinguish the Herberts' debt. Having established that the Settlement Agreement did not extinguish

---

[2] The Herberts sued Wilmington Finance, Inc. as well, but their claims against the company were dismissed separately in December 2020 and they did not appeal this dismissal.

[3] The Herberts added the negligent infliction of emotional distress claim in their amended complaint on December 12, 2019 before any answers were filed. They filed their first complaint on September 26, 2019.

the debt, it held that there was no breach of duty owed and no claims plausibly pled. The Herberts now appeal the dismissal of their breach of contract claims.

## II. Standard of Review

This court reviews dismissals under Rule 12(b)(6) de novo. *Canada v. United States*, 950 F.3d 299, 305 (5th Cir. 2020). We generally limit our review to the complaint and its proper attachments, but we may rely on documents incorporated into the complaint by reference. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308 (2007)).

Under Rule 12(b)(6), a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). Although we assume the truth of well-pled factual allegations in a complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## III. Discussion

To state a claim for breach of contract in Mississippi, a plaintiff must allege "(1) the existence of a valid and binding contract, and (2) a showing that the defendant has broken, or breached[,] it." *MultiPlan, Inc. v. Holland*, 937 F.3d 487, 497 (5th Cir. 2019) (citing *Maness v. K&A Enters. of Miss.*, 250 So. 3d 402, 414 (Miss. 2018)). Courts "first look to the express wording of the contract itself, looking at the contract as a whole, to the exclusion of extrinsic or parol evidence." *Cherokee Ins. Co. v. Babin*, 37 So. 3d 45, 48 (Miss. 2010). "When a contract is unambiguous, determining its meaning is a question of law for the court to decide, and the contract must be enforced

as written." *Edwards Fam. P'ship, L.P. v. Dickson*, 821 F.3d 614, 617 n.3 (5th Cir. 2016) (quoting *Miss. Transp. Comm'n v. Ronald Adams Contractor, Inc.*, 753 So. 2d 1077, 1087 (Miss. 2000)). "Language that might be susceptible of being construed to conflict must, if possible, be harmonized to effectuate the parties' intent." *AT&T Corp. v. Miss. Dep't of Info. Tech. Servs.*, 298 So. 3d 938, 955 (Miss. 2020), *reh'g denied* (July 30, 2020). "The mere fact that the parties disagree about the meaning of a provision of a contract does not make the contract ambiguous as a matter of law." *Sledge v. Grenfell Sledge & Stevens, PLLC*, 263 So. 3d 655, 664 (Miss. 2018).

Our review of the record indicates that the district court correctly determined "the Settlement Agreement is clear and unambiguous and does not support [the Herberts'] interpretation." The Herberts argue that the Settlement Agreement "was to be 'effective as a full and final accord and release of each and every matter between the parties,'" and that it extinguished any outstanding debt owed by the Herberts on the underlying mortgage. However, the matters referred to in the Settlement Agreement are evidently the underlying litigations between the parties and the bankruptcy action, none of which involved claims extinguishing the balance of the Herberts' debt.

Moreover, as observed by the district court, Section 2.C of the Settlement Agreement provided Citi with the authority to foreclose "at [its] discretion" and "if necessary," and "[f]oreclosure would not be necessary or appropriate, and would not have been contemplated by the Agreement, had the debt been extinguished." No provision in the Settlement Agreement required Citi to act by foreclosing or accepting a deed at a specific time.

The Herberts point to language from the district court's dismissal of the original federal litigation that stated "[i]f any party fails to consummate the [S]ettlement [A]greement within thirty (30) days, any aggrieved party

may move to reopen the case for enforcement of the [S]ettlement [A]greement." However, Citi's failure to foreclose or accept a deed in lieu of foreclosure within 30 days did not breach the Settlement Agreement because Citi was not required to foreclose or accept a deed at all. The initiation of the foreclosure, the timing of the foreclosure, and the issuance of notices related to the foreclosure were all compliant with the Settlement Agreement. Thus, we agree with the district court that there was no breach of the Settlement Agreement and that no breach of contract was plausibly pled.

Finally, we note that the Herberts appear to reference tortious breach of contract in their breach of contract argument. Although it is not entirely clear whether they intended to state claims for breach of the duty of good faith and fair dealing, to the extent that they did, the claims were inadequately briefed and therefore waived. *See United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001) ("[A] defendant waives an issue if he fails to adequately brief it.").

Regardless, even if the Herberts had stated such claims, they would have failed. As they acknowledge, claims for breach of the duty of good faith and fair dealing require "some conscious wrongdoing because of dishonest purpose or moral obliquity." *See Univ. of S. Miss. v. Williams*, 891 So. 2d 160, 170–71 (Miss. 2004). Moreover, "[a] party has not breached the implied covenant of good faith and fair dealing when the party only took actions duly authorized by contract." *Gulf Coast Hospice LLC v. LHC Grp. Inc.*, 273 So. 3d 721, 745 (Miss. 2019). Here, the actions of Citi, SPS, and the Trust did not reflect any conscious wrongdoing and were authorized by the Settlement Agreement. They had the option to foreclose and they exercised it. In addition, not only was sending foreclosure correspondence authorized, but refraining from sending such correspondence could have conferred liability. *See* Miss. Code Ann. §§ 81-18-55; 89-1-59. Thus, claims for breach of the duty of good faith and fair dealing would not have been facially plausible.

No. 21-60079

## IV. Conclusion

For the foregoing reasons, we AFFIRM the district court's judgment.