GRIFFIS, J., for the Court.
 

 ¶ 1. Billy G. Austin and Agnes H. Austin (the Austins) commenced a lawsuit against Thurman L. Carpenter and Gladys L. Carpenter (the Carpenters) for specific performance of a contract for the sale of real property. The chancellor found that an enforceable contract never materialized because a condition precedent was not met. Applying Mississippi’s three-tiered approach to contract interpretation, we find that there was a condition precedent which applies to both parties. We find no error and affirm.
 

 FACTS
 

 ¶ 2. In the spring of 2005, the Austins and the Carpenters seriously discussed the sale of three of the four tracts of land owned by the Carpenters. Both parties agree that they did not contemplate the sale of the tract of land where the Carpenters’ vacation home, garage, and cabin are located. The parties orally agreed on a price for three tracts of the land.
 

 ¶ 3. The Austins had a contract
 
 [1]
 
 drawn up stating that the sale was for all four tracts of land — not three tracts as contemplated by the parties. The contract stated that the Carpenters agreed to sell and that the Austins “agree[d] to purchase and pay for the following described property: Approximately _acres,” which is followed by a description of all four tracts based on section, township, and range. The contract also included a “special provision” which stated that the “sale was contingent upon [the] buyer obtaining an acceptable survey of the property.” The contract was signed by all parties.
 

 ¶ 4. The Austins’ subsequent survey showed that the cabin is not located within one tract of land but actually sits on two tracts of land. The Carpenters would sell part of their cabin if they sold the three tracts of land orally agreed upon. It is undisputed that the Carpenters did not intend to sell, nor did the Austins intend to purchase the vacation home, garage, or cabin. After the survey, the Carpenters failed to appear at the closing, and the Austins obtained counsel to enforce the contract.
 

 ¶ 5. At trial, the Austins claimed that there was a meeting of the minds and any ambiguity regarding the description of the property to be sold could be cured by extrinsic evidence. Furthermore, according to the Austins, the Carpenters never expressed or indicated that their agreement to sell was conditioned upon the Austins furnishing an acceptable survey to the Carpenters, so the special provision providing for another survey protected only the Austins.
 

 
 *149
 
 ¶ 6. The chancellor found the special provision — that the sale was contingent upon buyer obtaining an acceptable survey of the property — was a condition precedent and protected the Carpenters and the Austins. Therefore, either party could decide not to go forward with the transaction if the survey was reasonably unacceptable. The chancellor found it reasonable that the survey was unacceptable to the Carpenters because it would have partitioned the cabin and sold a portion of it to the Austins. Because the condition precedent was not satisfied, the contract never manifested into an enforceable contract, and the chancellor denied the Austins’ request for specific performance.
 

 ¶ 7. The Austins ask this Court to reform the description of the property to exclude the portion of the property containing the cabin and surrounding property and enforce specific performance. The Carpenters ask this Court to find that there is not an enforceable contract because there was a condition precedent that was not satisfied or, alternatively, the description of the property was too indefinite. Mr. Carpenter testified that Mr. Austin asked for his and his wife’s signatures on the contract only to get a survey of the property, and that he promised to prepare another contract with all of the details of the sale after the survey.
 

 ¶ 8. We find the issue of the condition precedent to be dispositive. Because there is a condition precedent that was not met, the contract did not become an enforceable contract for the sale of land. Thus, we do not reach the issue of whether the property description was too indefinite to be enforced.
 

 STANDARD OF REVIEW
 

 ¶ 9. “Questions concerning the construction of contracts are questions of law that are committed to the court rather than questions of fact committed to the fact-finder.”
 
 Miss. State Highway Comm’n v. Patterson Enters.,
 
 627 So.2d 261, 263 (Miss.1993). “We conduct a de novo review for determinations of legal questions.”
 
 Russell v. Performance Toyota, Inc.,
 
 826 So.2d 719, 721(¶5) (Miss.2002).
 

 ANALYSIS
 

 Whether the contract is unenforceable because a condition precedent was not satisfied.
 

 ¶ 10. The Austins argue that the Carpenters never expressed or indicated that the contract was conditioned upon an acceptable survey and that the special provision only protected the Austins. The Carpenters contend that the condition precedent protected both parties.
 

 ¶ 11. The supreme court has set out a three-tiered approach to contract interpretation.
 
 Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc., 857
 
 So.2d 748, 752(¶10) (Miss.2003). First, the “[l]egal purpose or intent should ... be sought in an objective reading of the words employed in the contract to the exclusion of parol or extrinsic evidence.”
 
 Id.
 
 (citations omitted). “Secondly, if the court is unable to translate a clear understanding of the parties’ intent, the court should apply the discretionary ‘canons’ of contract construction.”
 
 Id.
 
 at 753(1111) (citation omitted). “Finally, if the contract continues to evade clarity as to the parties’ intent, the court should consider extrinsic or parol evidence.”
 
 Id.
 
 (citation omitted).
 

 ¶ 12. “A condition precedent has been defined as a ‘condition which must be performed before the agreement of the parties shall become a binding contract or ... a condition which must be fulfilled before the duty to perform an existing contract arises.’ ”
 
 Turnbough v. Steere
 
 
 *150
 

 Broad. Corp.,
 
 681 So.2d 1325, 1327 (Miss. 1996) (citations omitted).
 

 ¶ 13. Following the three-tiered approach, we first look to the language of the contract — the sale is contingent upon buyer obtaining an acceptable survey of the property — to determine its legal purpose or intent. The language is clear that there is a condition which must be performed before the contract becomes binding; there must be an acceptable survey. However, the plain language is not clear concerning who must accept the survey.
 

 ¶ 14. A contract is ambiguous when it “can be interpreted as having two or more reasonable meanings.”
 
 Miss. Farm Bureau Cas. Ins. Co. v. Britt,
 
 826 So.2d 1261, 1265(¶ 14) (Miss.2002). Here, the language of the condition,
 
 the buyer obtaining an acceptable survey,
 
 can be interpreted as having two reasonable meanings. The condition could mean that: (1) the sale was conditioned on the Austins receiving a survey that was acceptable only to them, or (2) it was the Austins’ responsibility to procure a survey that was acceptable to both parties. Both of these interpretations are reasonable.
 

 ¶ 15. Because we cannot “translate a clear understanding of the parties’ intent” from the text alone, we must go to the second step of contract interpretation and apply the discretionary canons of contract construction. It is a “universal rule of construction that when the terms of a contract are vague or ambiguous, they are always construed more strongly against the party preparing it.”
 
 Stampley v. Gilbert,
 
 332 So.2d 61, 63 (Miss.1976).
 

 ¶ 16. The Austins drafted the contract and provision; therefore, the provision will be construed against the Austins. Construing the provision that the “sale was contingent upon [the] buyer obtaining an acceptable survey of the property” in favor of the Carpenters, we find that the condition precedent required the Austins to obtain a survey that was acceptable to both parties.
 

 ¶ 17. Because the condition precedent was not satisfied, the contract did not become binding and enforceable. Accordingly, we affirm the chancellor’s finding that a valid contract did not exist.
 

 ¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF TISHOMIN-GO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 . The chancellor refers to the contract as an agreement. For the sake of clarity and consistency, we will refer to the agreement for the purchase of real estate as a contract.