ON WRIT OF CERTIORARI

RANDOLPH, Justice, for the Court:
¶ 1. Business Communications, Inc. (“BCI”) asserted two breach-of-contract claims against its former employee, Albert Banks-breach of BCI’s business-protection agreement (“BPA”), which included a non-competition provision, and breach of BCI’s reimbursement-of-costs agreement (“RCA”). At trial, the jury awarded BCI $1,000 for breach of the BPA and $9,000 for breach of the RCA. Thereafter, the Circuit Court of Madison County granted Banks’s motion for judgment notwithstanding the verdict (“JNOV”). Subsequently, the Mississippi Court of Appeals affirmed the circuit court’s grant of JNOV as to the RCA, but reversed regarding the BPA, “reinstat[ingj the jury’s verdict [of $1,000], and remand[ing] this case to the trial court to consider BCI’s motion for attorney’s fees.”[1] Bus. Commc’ns, Inc. v. Banks, 91 So.Bd 1, 14, 18-19 (Miss.Ct.App. 2011).
¶ 2. This Court has granted Banks’s petition for writ of certiorari to address the elements of a breach-of-contract claim involving a noncompete agreement[2] and the nature of the damages to which BCI was entitled. Regarding the elements of a breach-of-contract claim, we hold that monetary damages are a remedy for *1223 breach of contract, not an element of the claim. As to damages for breach of the BPA, BCI acknowledged it had sustained no identifiable loss. But because (1) the jury was instructed on both compensatory and nominal damages, (2) the special-verdict form did not specify the type of damages awarded, and (3) the jury’s award of $1,000 was well within the continuum of legitimate nominal damage awards, we affirm the Court of Appeals’ reinstatement of that jury verdict. See id. at 13-14. We also affirm the Court of Appeals’ decision to remand to the circuit court to consider BCI’s motion for attorney’s fees.
FACTS AND PROCEDURAL HISTORY[3]
¶ 3. BCI is in the computer technology business. On March 2, 2001, BCI offered employment to Banks as a “Lead Consulting Engineer.” The offer was contingent upon Banks signing the BPA, which stated, in pertinent part, that:
[f]or a period of one (1) year after termination of [Banks’s] employment with [BCI], whether voluntarily or involuntarily terminated by either party with or without cause or notice, [Banks] hereby agrees not to render services, directly or indirectly, whether as principal or agent, officer, director, employee, advisor, consultant, shareholder, or otherwise, alone or in association with any other person or entity, to or for any Competitor of [BCI] within a 150 mile radius of (a) the location of any office of [BCI] and (b) from any place where the business of [BCI] is being conducted, whether or not [BCI] established an office in such location.
Banks executed this agreement and began employment with BCI.
¶4. In November 2005, GKR Systems, Inc. d/b/a Venture Technologies (“Venture”) contacted Banks about possible employment. Initially, Banks informed Venture that he could not work for it because he had signed the BPA with BCI, and Venture was BCI’s direct competitor. However, Banks subsequently accepted Venture’s offer and informed BCI of his resignation on February 15, 2006.
¶ 5. On March 10, 2006, BCI filed a complaint against Banks and Venture,[4] which was later amended to assert only breach-of-contract claims against Banks. BCI alleged that Banks had breached the BPA by disclosing it to Venture and retaining BCI property following his resignation. The complaint further provided that BCI had suffered, and would continue to suffer, serious and irreparable harm from Banks’s breach of the nondisclosure, non-solicitation, and noncompete clauses of the BPA.
¶ 6. At trial, the jury found that Banks had breached the BPA and awarded $1,000 to BCI. The jury was instructed on compensatory and nominal damages,[5] although the special-verdict form did not specify the *1224 type of damages awarded. Yet the “Judgment” of the circuit court labeled the $1,000 as “compensatory damages,” even though BCI offered no proof of compensatory damages.
¶ 7. Banks timely filed a motion for JNOV, or, alternatively, for a new trial on damages or a reduction in the amount of damages as allowed under Mississippi Code Section 11-1-55, arguing there was a lack of supporting evidence on the issue of damages. The circuit court granted Banks’s motion for JNOV, finding that:
[a]s to the breach of the BPA, the Court finds as a matter of law that the evidence presented by BCI at trial was insufficient to satisfy its burden to prove all of the essential elements of its case. Covenants not to compete only protect against “unfair” competition by a former employee. Being disfavored by law, these agreements are never enforced to prevent fair competition in the marketplace. BCI’s proof failed to show that it was subject to any unfair competition as a result of ... Banks’ employment by [Venture].
(Emphasis added.)
¶ 8. BCI then appealed the JNOV. The Court of Appeals affirmed the circuit court’s grant of JNOV as to the RCA, but reversed regarding the BPA, reinstating the jury’s verdict of $1,000. See Banks, 91 So.3d at 13-14, 18-19. The Court of Appeals correctly reasoned that:
the circuit court erred when it found that to establish a breach of the non-competition agreement BCI had to prove some “unfair” competition resulted from Banks’s employment with a competitor. No such term existed in the BPA between Banks and BCI. There was no such evidentiary requirement in the BPA, and no such requirement exists under Mississippi law.
Id. at 7. The Court of Appeals further held the BPA was “reasonable and enforceable[,]” and had been breached by Banks.[6] Id. at 13.
ANALYSIS
¶ 9. The standard of review for a trial court’s grant of a motion for JNOV is de novo. See Watts v. Radiator Specialty Co., 990 So.2d 143, 150 (Miss.2008). A motion for JNOV tests “the legal sufficiency of the evidence” supporting the verdict. United Serv. Auto. Ass’n v. Lisanby, 47 So.3d 1172, 1176 (Miss.2010). “In essence, judgments as a matter of law present both the trial court and the appellate court with the same question — whether the evidence, as applied to the elements of a party’s case, is either so indisputable, or so deficient, that the necessity of a trier of fact has been obviated.” Id. (quoting White v. Stewman, 932 So.2d 27, 32 (Miss.2006)).
¶ 10. Banks argues that, under Mississippi law, monetary damages are an essential element that must be proven in order to recover on a breach-of-contract claim. This Court has held that a plaintiff asserting any breach-of-contract claim has the burden to prove, “by a preponderance of the evidence: 1. the existence of a valid and binding contract; and 2. that the defendant has broken, or breached it; and 3. *1225 that he has been thereby damaged monetarily.” Warwick v. Matheney, 603 So.2d 330, 336 (Miss.1992) (citations omitted) (emphasis added).
¶ 11. We recognize that contracts, as legally binding and enforceable instruments, have intrinsic value to the parties entering into them, and that the failure of one party to carry out his side of the bargain necessarily may result in injury to the other party for the simple fact that a promise was broken, even if the damage resulting from that injury is nominal and/or not monetary. Monetary damages are a remedy for, not an element of, breach of contract. It has long been recognized that equitable remedies for breach of contract, such as specific performance or reformation, do not speak in terms of actual monetary damage to the plaintiff. See Ivison v. Ivison, 762 So.2d 329, 335-36 (Miss.2000); J.O. Hooker & Sons, Inc. v. Roberts Cabinet Co., Inc., 683 So.2d 396, 405 (Miss.1996). Therefore, we hold that whether a plaintiff “has been thereby damaged monetarily” is not an element of a breach-of-contract claim. Warwick, 603 So.2d at 336. To the extent that Warwick and its progeny require a plaintiff to prove monetary damages to prevail on a breach-of-contract claim, they are overruled. We hold that a plaintiff is required to prove by a preponderance of the evidence only the first two factors set out by this Court in Warwick to prevail on a breach-of-contract claim, without regard to the remedy sought or the actual damage sustained. To be clear, monetary damages are a remedy for breach of contract, not an element of the claim.
¶ 12. However, a plaintiff seeking monetary damages for breach of contract must put into evidence, with “as much accuracy as” possible, proof of the damages being sought. Thomas v. Global Boat Builders & Repairmen Inc., 482 So.2d 1112, 1116 (Miss.1986) (citing Merritt v. Dueitt, 455 So.2d 792 (Miss.1984)). Without proof of actual monetary damages, a plaintiff cannot recover compensatory damages under a breach-of-contract action. While we agree with the Court of Appeals that Banks breached the BPA, we find that there is insufficient proof in the record to sustain an award of compensatory damages to BCI for the breach of contract.
¶ 13. Specifically, at trial, Tony Bailey, the owner of BCI, offered the following testimony:
Q: I believe you testified to the fact that [BCI] has grown maybe 30 percent per year?
A: Yes.
Q: That’s been since [Banks] left, correct?
A: Yes.
Q: So [Banks’s] leaving and going to work for Venture did not cause your business not to continue to develop?
A: No it did not.
(Emphasis added.) Thomas Hinds, the president of BCI’s information technology group, testified:
Q: Can you tell this jury one single unfair competitive advantage that [Venture] has gotten as a result of [Banks] going to work there?
A: I don’t know of any.
[[Image here]]
Q: Other than simply not wanting [Banks] to go to work for Venture, which he could quit and do, he could quit and go somewhere, what is it *1226 about the fact that he went to work for Venture that has caused you any monetary damage?
A: I don’t know of any.
[[Image here]]
Q: You certainly have no knowledge, information, and no evidence that those documents, even assuming they contain anything confidential, which we can’t tell because the documents aren’t here, there’s no proof whatsoever that [Banks] ever disclosed them to Venture?
A: No.
Q: There is none?
A: There’s none that I know of.
Q: That being the case, how has BCI been damaged by the fact that he may have inadvertently taken these things with him when he cleaned out his desk?
A: We don’t know of any damage. We don’t know what’s been done with them. We don’t know what was taken....
(Emphasis added.)
¶ 14. The Court of Appeals found Banks was liable for the breach and reinstated the jury verdict without discussing damages. While we agree that breach of contract was shown, there is no evidence that BCI suffered compensatory damages as a result of Banks going to work for Venture. Indeed, the record shows that BCI’s business prospered after Banks’s resignation. Since BCI conceded at trial that it had neither suffered nor incurred actual monetary damages, the jury should not have been instructed on compensatory damages.
¶ 15. Yet the jury was also instructed on nominal damages. “[Wjhere a suit is brought for a breach of a contract, and the evidence sustains the claim, the complainant is entitled to recover at least nominal damages for the failure of the defendant to carry out his agreement.” Callicott v. Gresham, 249 Miss. 103, 112, 161 So.2d 183,186 (1964) (citation omitted). Had the jury awarded an amount in excess of nominal damages, we would be compelled to reverse. However, since the jury’s award of $1,000 is well within the continuum of legitimate nominal-damage awards,[7] any error in instructing the jury regarding compensatory damages is harmless. See Franklin Corp. v. Tedford, 18 So.3d 215, 240 (Miss.2009) (“a conflict between instructions does not justify reversal, given that the evidence overwhelmingly supported the Plaintiffs’ claims and does not result in a miscarriage of justice.”). On remand, the circuit court should consider only BCI’s motion for attorney’s fees.[8]
*1227 CONCLUSION
¶ 16. This Court affirms the Court of Appeals’ reversal of the Circuit Court of Madison County’s JNOV as to the BPA, reinstating the jury verdict of $1,000. But we hold that the award may be considered only as nominal damages, not compensatory damages, because BCI failed to prove any actual monetary damages resulted from Banks’s breach of the BPA. We remand this case to the Circuit Court of Madison County to consider BCI’s motion for attorney’s fees.
¶ 17. THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
WALLER, C.J., DICKINSON, P.J., KITCHENS AND PIERCE, JJ., CONCUR. LAMAR, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY CARLSON, P.J. CHANDLER AND KING, JJ., NOT PARTICIPATING.

. The contract at issue provided that costs of litigation and reasonable attorney’s fees shall be awarded to BCI in the event it is the prevailing party in an action relating to the BPA. Post-trial, BCI "filed a motion for an award of attorney’s fees and costs in the amount of $63,597.” Banks, 91 So.3d at 5.

. Breach of the RCA was not raised in the petition for writ of certiorari and response *1223 thereto. Therefore, any further reference to breach of contract is limited to Banks’s breach of the BPA.

. A fuller recitation of the underlying facts can be found in the Court of Appeals’ opinion. See Banks, 91 So.3d at 2-7.

. "In December 2007, the circuit court granted partial summary judgment and dismissed with prejudice BCI's claim against Ven-ture_” Banks, 91 So.3d at 5.

.Jury Instruction No. 15 provided that:
[sjhould you find for [BCI], but further find from the preponderance of the evidence, that [Banks’s] breach of contract did not cause [BCI] any actual loss or that the extent of [BCI’s] damages cannot be proved to a reasonable degree of probability, then *1224 you may return an award of nominal damages. Nominal damages are a small and trivial sum which is awarded when a technical right has been violated and no actual injury occurs.

. The Court of Appeals’ majority did not address Banks’s argument that BCI had failed to prove compensatory damages.

. See Ondine Shipping Corp. v. Cataldo, 24 F.3d 353, 355, 357 (1st Cir.1994) (affirming nominal damages of $1,000 after the plaintiff failed to prove damages); Taquino v. Teledyne Monarch Rubber, 893 F.2d 1488, 1490 (5th Cir.1990) (vacating nominal damage award of $10,000 and remanding "for reconsideration of nominal damages not to exceed $2,000”); Ryland v. Law Firm of Taylor, Porter, Brooks, and Phillips, 496 So.2d 536, 543 (La.App. 1986) (awarding $1,500 in nominal damages for injury to plaintiff's personal and professional reputation due to malicious civil prosecution); A.E. Landvoigt, Inc. v. Louisiana State Employee Ret. Sys., 337 So.2d 881, 887 (La.App.1976) (awarding $5,000 in nominal damages on appeal); Cook Indus., Inc. v. Carlson, 334 F.Supp. 809, 817 (N.D.Miss. 1971) (more than forty years ago, Chief Judge Ready assessed $500 in nominal damages).

. Logic dictates that, where attorney’s fees exceed $60,000 (as claimed by BCI), an award of $1,000 should qualify as nominal. *1227 Thus, the separate opinion’s proposed disposition could result in not only another prohibitively expensive trial to determine nominal damages, but would also increase BCI’s attorney’s fees claim, should it prevail. (Sep. Op. a^ 18).