CARLTON, J.,
for the Court:
¶ 1. Coastal Developments Inc. appeals the Harrison County Circuit Court’s judgment in favor of Ruth Dedeaux in the amount of $38,419.76. Coastal Developments argues that the trial court erred in denying its motion for a directed verdict. Finding no error, we affirm.
FACTS
¶ 2. Coastal Developments and Dedeaux entered into discussions regarding De-deaux’s desire for Coastal Developments to construct her a single-family residence on a lot in a subdivision being developed by Coastal Developments. Dedeaux testified that she informed Coastal Developments that she did not wish to obtain a construction loan. Dedeaux stated that upon determining Dedeaux’s wishes to be agreeable, Coastal Developments prepared a contract between the parties. The parties entered into the contract on August 11, 2005.
¶ 3. Dedeaux subsequently paid $3,000 in earnest money to Coastal Developments. Dedeaux also obtained loan approval for conventional financing from two mortgage companies. Coastal Developments began preparing the lot for the construction of the residence. Shortly thereafter, Hurricane Katrina hit the Mississippi Gulf Coast. Dedeaux claims that Coastal Developments never returned to constructing her home.
¶ 4. On June 6, 2006, Dedeaux filed a complaint against Coastal Developments for breach of contract, seeking specific performance and monetary damages. Beginning November 15, 2011, a trial commenced. Following Dedeaux’s case-in-chief, Coastal Developments moved for a directed verdict, which the trial court granted as to an individual member and employee of Coastal Developments. The trial court denied the motion as to Coastal Developments. The jury ultimately found in favor of Dedeaux for $33,419.76.
¶ 5. Upon entry of the jury’s verdict and the filing of the final judgment, Coastal Developments filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial, which the trial court denied. Coastal Developments now appeals.
DISCUSSION
¶ 6. Coastal Developments argues that the contract called for construction to be completed within 120 days of the date the owner’s financing was funded.[1] Coastal *766 Developments contends that the contract itself identified the owner as Dedeaux, who herself admitted several times on cross-examination that while she was approved for a loan, there was never any loan actually made or funded. Coastal Developments asserts that under this scenario, there could have been no breach of contract by Coastal Developments. Coastal Developments contends that the trial court erred in denying its motion for a directed verdict.
¶ 7. With respect to this assignment of error, we find that testimony in the record shows Dedeaux met her burden to provide sufficient evidence of her claim of breach of contract and sufficient evidence of her loan approvals, meeting her requirements under the contract to require Coastal Developments to then perform construction.[2] The record shows Dedeaux presented sufficient evidence to both survive a directed verdict and thereafter support the verdict of the jury.[3] With respect to the condition precedent in the contract requiring financing prior to performance of construction, the undisputed facts of this case show that Dedeaux received loan approval for conventional financing from two different mortgage companies.
¶ 8. We employ a de novo standard of review when considering a trial court’s decision on a motion for a JNOV. Bus. Commc’n, Inc. v. Banks, 90 So.3d 1221, 1224 (¶ 9) (Miss.2012). “A motion for [a] JNOV tests ‘the legal sufficiency of the evidence’ supporting the verdict.” Id. “In essence, judgments as a matter of law present both the trial court and the appellate court with the same question-whether the evidence, as applied to the elements of a party’s case, is either so indisputable, or so deficient, that the necessity of a trier of fact has been obviated.” Id. “[T]his Court applies the same standard of review as it applies when reviewing the denial of [a] directed verdict or [a] JNOV[.]” Solanki v. Ervin, 21 So.3d 552, 557 (¶ 10) (Miss.2009). Regarding the burden of proof in this case, this Court has found that when a plaintiff asserts a breach-of-contract claim, he holds the burden of proving, by a preponderance of the evidence: “1. the existence of a valid and binding contract; and 2. that the defendant has broken, or breached it; and 3. that he has been thereby damaged monetarily.” Banks, 90 So.3d at 1224-25 (¶ 10). We now turn to review the evidence in the record.
¶ 9. In this case, the substantial evidence in the record shows that Dedeaux met all of the elements of a breach-of-contract claim by presenting evidence, by at least a preponderance of the evidence, for each element of her claim. See id. As stated, Dedeaux presented ample evidence showing that she satisfied the financing requirement set forth in the contract, and the record shows that the plain language of the contract failed to require a “construction loan,” as claimed by Coastal Developments. Coastal Developments argued below and argues now on appeal that a construction loan was the required financing under the contract. In presenting her case to the jury at trial, Dedeaux *767 specifically identified and relied upon the section of the contract entitled “Special Provisions,” which states that the “Contractor shall not be responsible for the payment of any expenses connected with [the] Owner[’]s construction and/or permanent mortgage financing.” (Emphasis added).[4] The use of an “and/or” scenario alongside conventional financing allows the option of not obtaining a construction loan.[5] A plain reading of the contract would allow a reasonable juror to determine that Dedeaux satisfied the contract’s financing requirement since evidence in the record shows that Dedeaux obtained loan approval for a conventional loan from two different mortgage companies. The evidence of Dedeaux’s loan satisfied the conditional terms of the contract.
¶ 10. Dedeaux’s proof showing she satisfied the contract’s requirement of financing met the contract’s condition precedent to Coastal Developments’ duty to begin construction. Dedeaux then presented evidence that Costal Developments breached its duties under the contract by failing to construct her home as required in the contract. Lastly, Dedeaux proved that she suffered damages due to Coastal Development’s breach of the contract since she was forced to purchase a replacement home at a greater price than the price required under the contract for the original home. In support of her claim for damages, Dedeaux’s expert witness, Dale Steven Ladner Jr., testified as to the amount of Dedeaux’s damages, reflecting the difference between the cost of the home contracted for and the cost of the replacement home, after deducting the additional costs of higher value items in the replacement home.[6]
¶ 11. Dedeaux presented sufficient evidence from which the jury could reasonably conclude that she suffered the damages awarded due to a breach of contract by Coastal Developments. See Banks, 90 So.3d at 1224 (¶9). As applied to Dedeaux’s case, the evidence is not “so indisputable, or so deficient, that the necessity of a trier of fact has been obviated.” Id. Furthermore, a review of the record shows that the verdict does not shock the conscience, nor is it contrary to the substantial weight of the evidence. See Adcock v. Miss. Transp. Comm’n, 981 So.2d 942, 950 (¶¶ 33-35) (Miss.2008) (setting for the standard of review for a denial of a motion for a new trial). As such, we affirm.
¶ 12. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS AND FAIR, JJ„ CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT. JAMES, J„ CONCURS IN PART.

. Specifically, Coastal Developments points to the following language under item No. 4 in the contract: "The construction of the dwelling covered by this contract shall be completed within 120 days from and after this date, unless the Contractor is prevented from completing construction by strike, bad weather, catastrophic events, material availability, or other matters which are beyond the control of the parties, or by change orders requested by *766 die Owners.” Coastal Developments then points to a provision under the "Special Provisions” section of the contract, which states: "The 120 days covered in item No. 4 above shall begin at such time as the building permit can be obtained and Owner[’s] financing funded.”

. See Austin v. Carpenter, 3 So.3d 147, 149 (¶ 12) (Miss.Ct.App.2009) ("A condition precedent has been defined as a 'condition which must be performed before the agreement of the parties shall become a binding contract or a condition which must be fulfilled before the duty to perform an existing contract arises.’ ”).

. See Bus. Commc’n, Inc. v. Banks, 90 So.3d 1221, 1224 (¶ 9) (Miss.2012).

. See Wells v. Price, 102 So.3d 1250, 1256 (¶ 17) (Miss.Ct.App.2012) (“The existence of a contract and its terms are questions of fact to be resolved by the fact-finder, whether a jury or a judge in a bench-trial.... Questions concerning the construction of contracts, however, are questions of law that are reviewed de novo.”).

. See Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc., 857 So.2d 748, 751 (¶ 7) (Miss. 2003) ("[I]t is a question of law for the court to determine whether a contract is ambiguous and, if not, enforce the contract as written.”).

.See Miss. Gulf Props., LLC v. Eagle Mech., Inc., 98 So.3d 1097, 1104 (¶20) (Miss.Ct.App.2012) (noting the standard of review for the admission or exclusion of evidence, including expert testimony, by a trial court is abuse of discretion); see also M.R.E. 702.