# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60474

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2015

Lyle W. Cayce
Clerk

KMART CORPORATION,

Plaintiff - Appellant

v.

FULTON IMPROVEMENTS, L.L.C.,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:11-CV-103

Before DAVIS and CLEMENT, Circuit Judges, and ROSENTHAL, District Judge.*

PER CURIAM:**

The Kmart store in Corinth, Mississippi sustained substantial flood damage in 2010. Kmart Corporation ("Kmart") brought this suit against the store's landlord, Fulton Improvements, L.L.C. ("Fulton"), in federal district

---

* District Judge of the Southern District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60474

court on the basis of diversity jurisdiction. The district court granted Fulton's motion for summary judgment, and we AFFIRM.

### FACTS AND PROCEEDINGS

During the night of May 1 through the morning of May 2, 2010, Corinth, Mississippi experienced heavy rainfall. Kmart's expert witness stated that the quantity of rainfall "may have approached the 100 year rainfall amount." By the morning of May 2, water had built up along the rear doors of the Kmart store. According to Kmart's expert witness, "[e]ventually, landscape timbers stored on site struck the doors with enough force to break open the doors, lodge in the opening, and allow water to flood into the store. The quantity of water overwhelmed the staff's ability to control it." The depth of water in the Kmart store's parking lot was 22 inches, and the flooding inside the building was likely similar. The flooding caused damage to both the Kmart store and its merchandise.

Fulton is the landlord of the Kmart store. The lease between Fulton and Kmart provides that Fulton is responsible for "all maintenance, replacement and repair to the roof, outer walls and structural portion of the buildings which shall be necessary to maintain the buildings in a safe, dry and tenantable condition and in good order and repair."

Based on the 2010 flood damage, Kmart sued Fulton in federal district court on the basis of diversity jurisdiction. Kmart raised two claims against Fulton, but only one is at issue on appeal: Kmart's claim that Fulton breached the lease agreement, specifically the provision requiring Fulton to maintain the Kmart store in "a safe, dry and tenantable condition."

Fulton filed a motion for summary judgment, arguing that Kmart could not prove that the store flooded due to improper maintenance, given that there was no evidence that improper maintenance caused the landscaping timbers to break through the store's doors. In response, Kmart argued that the

question of whether improper maintenance caused the flood damage was a question of fact, given that Kmart's corporate representative allegedly testified that flood protection measures could have prevented the timbers from breaching the door.

The district court granted Fulton's motion for summary judgment. It held that Kmart failed to raise a genuine dispute of material fact that Fulton's failure to install flood protection measures caused the flood damage. First, the court noted that only Kmart's corporate representative testified about whether flood protection measures could have prevented the flood damage. The court held that the representative's testimony on this matter was likely inadmissible because he was not an expert and "only an expert witness could testify about whether flood-protection measures would have prevented flood damage." Further, the court held that, even if the representative's testimony was admissible, "it would be insufficient to raise a fact issue." Thus, the district court granted Fulton's motion for summary judgment as to the breach of contract claim.

Kmart filed a motion to amend or alter the judgment under Federal Rule of Civil Procedure 59, which the district court denied. Kmart now appeals the dismissal of its breach of contract claim against Fulton.

## STANDARD OF REVIEW

"We review a grant of summary judgment *de novo*, applying the same standard as the district court and viewing the evidence in the light most favorable to the non-moving party." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 895 (5th Cir. 2013). Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3

No. 14-60474

"We generally review a decision on a motion to alter or amend judgment under Rule 59(e) for abuse of discretion." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 721–22 (5th Cir. 2013) (internal quotation marks omitted). "To the extent that a ruling was a reconsideration of a question of law, however, the standard of review is *de novo*." *Id.* (internal quotation marks omitted).

## DISCUSSION

The district court correctly held that Kmart failed to present a genuine issue of fact that additional flood protection measures would have prevented this particular flood damage. Thus, Kmart did not raise a fact issue that Fulton's alleged breach of the lease caused Kmart's damages, so Kmart's breach of contract claim fails.

In Mississippi, monetary damages are not an element of a breach of contract action. *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1225 (Miss. 2012) (en banc). Instead, monetary damages are merely a remedy for breach of contract. *Id.* The only elements for a breach of contract claim are "1. The existence of a valid and binding contract; and 2. That the defendant has broken, or breached it." *Id.* at 1224. But here, Kmart is pursuing only monetary damages, not nominal damages, specific performance, reformation, or any other remedy. Thus, Kmart's breach of contract claim fails if it cannot show that Fulton caused the flooding that resulted in monetary damages. *See id.* at 1226 (holding that claim for compensatory damages requires proof that damages were caused by breach of contract).[1]

Here, Kmart has failed to present evidence that Fulton's alleged breach of contract (*i.e.*, its failure to install flood protection measures) caused the flood

---

[1] We note that the parties take it for granted that Kmart must prove causation. Moreover, Kmart has not requested remand of this case for consideration of nominal damages or equitable relief.

damage. The only causation evidence presented by Kmart was deposition testimony from its corporate representative. The Kmart representative testified that, if he were "to put [himself] in the shoes of a landlord that had a lease that required [him] as the landlord to maintain a safe, dry, and tenable condition," he would have "hired experts" and considered his options about flood protection measures. Given that drainage in the area is poor, he testified that he would consider sandbagging, but noted that there is not always time to deploy sandbags. He further testified that "you can boot a building, hermetically seal the exterior of the building to height of four foot, two foot, six foot, or whatever is required, and caulk and seal the perimeter." If such a "boot" had been installed around the building, the Kmart store's personnel would only have to close the boot's floodgates as flooding conditions arrived. The Kmart representative testified that he "would have explored how much it costs to install—manufacture and install those" floodgates. In response to a question about whether he had testified that sandbags could not be used because the "water came so fast," he testified that "I think I did say that the sandbags may not have been an option. But the flood doors or floodgates that were an extension of the outer wall, those are pretty solid. Those are steel, and they lock in place."

Critically, though, the representative did not testify that floodgates would have prevented or even mitigated *this* flood damage by stopping the landscaping timbers. He did not even testify that he would have definitely installed floodgates if he had been in Fulton's position.

Generously reading the deposition, perhaps we could infer that floodgates would generally prevent a store with poor drainage from flooding, although the Kmart representative did not directly testify to this effect. But, in this particular case, Kmart admits that the flooding was caused by a seemingly atypical situation—landscaping timbers breaking open the Kmart

No. 14-60474

store's doors and lodging in them. That is, Kmart's appellate brief provides that, "[e]ventually, landscape timbers stored on-site struck the doors with enough force to break open the doors and lodge in the opening, allowing water to flood into the store and overwhelming the Kmart store's staff's ability to control it." Again, the Kmart representative did not clearly articulate an opinion that floodgates, even "pretty solid" steel floodgates, could have stopped the landscaping timbers from causing flooding. Due to the lack of any evidence that floodgates could have prevented the timbers from breaching the doors (or at least that floodgates could have reduced the damage caused by the subsequent flooding), Kmart did not present a genuine fact issue that Fulton's failure to install floodgates caused Kmart's monetary damages.

Again, because Kmart only requests monetary damages without pressing any claims for nominal damages or equitable relief, its failure to present any evidence that the alleged breach caused monetary damages is fatal to Kmart's breach of contract claim. Thus, it is unnecessary to reach Kmart's other arguments on appeal.[2]

## CONCLUSION

The judgment of the district court is AFFIRMED.

---

[2] For example, we need not reach the issue of whether the lay opinion testimony from Kmart's corporate representative was admissible.