# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 24, 2021

Lyle W. Cayce
Clerk

No. 21-60400
Summary Calendar

Eugene H. Irving,

*Plaintiff—Appellant*,

*versus*

Wilco Life Insurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:20-CV-80

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

The district court in this case granted a motion for summary judgment in favor of defendant-appellee Wilco Life Insurance Company. For the reasons that follow, we AFFIRM.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60400

## I.

This matter arises from a dispute between plaintiff-appellant Eugene H. Irving and defendant-appellee Wilco Life Insurance Company ("Wilco") regarding a life insurance policy. In February 1995, Wilco's predecessor-in-interest, Lamar Life Insurance Company, issued to Irving a flexible premium adjustable life policy, which enables the insured to determine how much of a premium he will pay and accumulates value based on the premiums paid. Irving paid monthly premiums of $343 from then until October 3, 2018. In September 2018, Wilco sent a grace-period notice to Irving and informed Irving that to cover the policy's monthly deductions, Wilco would be required to increase premiums to at least $470 monthly from October 2018 through February 2019, and again on February 3, 2019, to again increase his premium to at least $514 monthly. Irving, through his representative, called Wilco and authorized that his premium payment be increased to $470, at which time the sales agent informed Irving that he would need to call again to adjust the payment for the new February minimum. Irving called Wilco again in November, after receiving another grace-period notice, and a sales agent informed Irving that another call would be required in January 2019 to increase the premium payment. Wilco sent additional grace-period notices in February, March, April, May, June, and July of 2019. Because Irving failed to make the minimum payment required by the policy, Wilco terminated it on September 3, 2019.

Irving brought this breach-of-contract suit in the Circuit Court of Attala County, Mississippi, alleging that Wilco wrongfully terminated the policy. Wilco removed the case to the United States District Court for the Northern District of Mississippi on the basis of diversity jurisdiction. The district court then granted summary judgment in favor of Wilco and dismissed Irving's claims, finding that Wilco properly canceled the policy

after Irving failed to pay the required minimum premiums. A final judgment was entered in this case on April 6, 2021. Irving timely appeals.

## II.

We review a district court's grant of summary judgment de novo. *Fort Worth 4th St. Partners, L.P. v. Chesapeake Energy Corp.*, 882 F.3d 574, 577 (5th Cir. 2018). In so doing, we "must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the nonmovant." *Sanchez v. Young Cnty.*, 956 F.3d 785, 791 (5th Cir. 2020). Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017). "A genuine issue of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party." *Harris v. Serpas*, 745 F.3d 767, 771 (5th Cir. 2014). Summary judgment cannot be defeated through "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Acker*, 853 F.3d at 788.

## III.

The district court found, and no one has disputed, that the policy allowed Wilco to terminate it should Irving fail to make the required minimum premium payments. The issue, according to Irving, is that the district court failed to recognize that the policy enabled Wilco to adjust Irving's payment amount unilaterally and Wilco failed to do so.

The parties agree that Mississippi law governs the contract. Under Mississippi law, a breach-of-contract case consists of two elements: "'(1) the existence of a valid and binding contract,' and (2) a showing 'that the defendant has broken, or breached it.'" *Maness v. K & A Enters. of Miss., LLC*, 250 So. 3d 402, 414 (Miss. 2018) (quoting *Bus. Commc'ns, Inc. v. Banks*,

90 So. 3d 1221, 1224 (Miss. 2012)). The parties do not contest the validity of the contract. "Questions of contract construction and ambiguity are 'questions of law that are committed to the court.'" *Epperson v. SOUTHBank*, 93 So. 3d 10, 17 (Miss. 2012) (quoting *Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.*, 857 So. 2d 748, 752 (Miss. 2003)). When interpreting a contract, an appeals court "reads the contract as a whole, gives contract terms their plain meaning, and construes any ambiguities against the drafter." *Biel Reo, LLC v. Lee Freer Kennedy Crestview, LLC*, 242 So. 3d 833, 844 (Miss. 2018) (quoting *Cain v. Cain*, 967 So. 2d 654, 662-63 (Miss. Ct. App. 2007)). Here, the district court correctly concluded that the policy did not authorize Wilco to increase the amount of Irving's premium payments without prior authorization from Irving.

Irving argues that the district court improperly interpreted the "Authorization Agreement for Preauthorized Payments in favor of Lamar Life Insurance Company, Jackson, Mississippi," which provided:

> You[, Wilco,] are hereby authorized as a convenience to me[, Irving,] to initiate debit entries to my (our) account by and payable to the order of Lamar Life Insurance Company of Jackson, Mississippi, provided there are sufficient collected funds in said account to pay the same upon presentation. I agree that your rights in respect to each such entry shall be the same as if it were a check drawn on you signed personally by me.

Irving contends that this provision gave Wilco the authority to determine what amount it could withdraw from Irving's account to pay premiums under the policy, but giving this language its plain and ordinary meaning and considering the policy as a whole, that is a meaning this language cannot bear. The policy's provision on premiums provided: "The initial premium is the amount paid on or before delivery of this policy. You[, Irving,] may make other premium payments: (a) at any time; and (b) for any amount of $25 or

more, and less than any maximum amount we may set." No similar ability is granted to Wilco. This language establishes that it is Irving who must determine when premiums would be paid and how much he would pay. The Authorization Agreement then enabled Wilco to initiate debit entries from Irving's account for the amounts of Irving's preauthorized payments, but it cannot be read to have granted Wilco the right to change the payments that Irving authorized. Properly read, the agreement between Irving and Wilco enabled Wilco to withdraw premium payments from Irving's bank account, but Irving, and not Wilco, had the ability to set the amount of those payments. Therefore, the district court properly interpreted the provisions of this contract.

Irving further argued that the district court erred by making a factual determination that Irving did not authorize increasing his premium payments to $514 per month. This determination, Irving suggests, should have been left to the jury. To survive a motion for summary judgment, Irving must demonstrate a genuine factual dispute that is material. *See* Fed. R. Civ. P. 56(a). None exists here. Irving has produced no evidence of a statement from him or his representatives that authorized increasing his premium payment to $514, and therefore, there is no genuine factual dispute. *Acker*, 853 F.3d at 788 (explaining that summary judgment cannot be defeated by an "unsubstantiated assertion[]"). Irving similarly has not produced evidence that suggests he requested that Wilco draw from his account whatever minimum payment was necessary to maintain his policy regardless of cost.

Finally, Irving argues that the district court erred in denying his claim for punitive damages. These damages would be contingent on there being a breach of contract. Because we affirm the district court's holding that Wilco did not breach the insurance policy, Irving's claim for punitive damages must also fail.

No. 21-60400

**IV.**

For the foregoing reasons, we AFFIRM the district court's grant of Wilco's motion for summary judgment.